[No. B058626. Second Dist., Div. Six. Apr. 29, 1992.]

FRANK A. STOIBER et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD, ATASCADERO
STATE HOSPITAL et al., Respondents.

COUNSEL

Gifford G. Beaton and Wheeler & Beaton for Petitioners.

Krimen, Hershenson, Klein, Da Silva & Daneri and Louis Harris for Respondents.

OPINION

STONE (S. J.), P. J.—We review a joint decision after reconsideration by respondent Workers' Compensation Appeals Board (WCAB) in WCAB Nos. 84 SBA 44558 and 84 SBA 44559. We conclude the WCAB properly determined it had no jurisdiction to amend the award in No. 84 SBA 44558 since applicant's petition to reopen was filed more than five years after the date of injury in that case. We conclude, however, that the WCAB erred in its calculation of the permanent disability award in No. 84 SBA 44559, the reopened case, because the WCAB found that disability from both injuries became permanent and stationary at the same time and that applicant's permanent disability had increased from 97¼ percent to 100 percent. In

view of the holdings in *Wilkinson v. Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 491 [138 Cal.Rptr. 696, 564 P.2d 848] and *Harold v. Workers' Comp. Appeals Bd.* (1980) 100 Cal.App.3d 772 [161 Cal.Rptr. 508], the WCAB erred in awarding applicant one-half of the statutory amount for permanent total disability.

### FACTUAL AND PROCEDURAL BACKGROUND

In No. 84 SBA 44558, the parties stipulated that on September 13, 1979, applicant, Frank Stoiber, sustained an industrial injury to his left hand and low back during his employment by Atascadero State Hospital. The injury occurred when a patient struck applicant in the back with a half-full garbage can. In No. 84 SBA 44559 the parties stipulated that on November 8, 1983, applicant sustained an industrial injury to the low back, neck, nerves, and psyche during the same employment. The 1983 injury occurred when applicant slipped and fell while responding to an emergency call. In both cases the parties stipulated that applicant's earnings were maximum for disability indemnity purposes.

On February 13, 1987, the workers' compensation judge (WCJ) accepted the parties' stipulations and found that on September 13, 1979, applicant also sustained industrial injury to his psyche. The WCJ further found the injuries caused 97¼ percent permanent disability and there was no basis for apportionment. The WCJ awarded applicant 599.25 weeks of permanent disability indemnity at $130 per week and thereafter a life pension of $60.17 per week. In his opinion on decision, the WCJ explained that he rated both injuries together under *Wilkinson v. Workers' Comp. Appeals Bd., supra,* 19 Cal.3d 491, because the condition caused by the 1979 injury did not become permanent and stationary until after the November 1983 injury. The WCJ stated he found the back disability was between total disability and a restriction to semisedentary work and the psychiatric disability was between slight and moderate to severe.

In a letter dated February 25, 1987, defendants, the employer and its adjusting agency, requested an apportionment between the two injuries.

On February 27, 1987, the WCJ issued supplemental findings and a new award. The WCJ amended the original findings and award to "allocate" the permanent disability, one-half to No. 84 SBA 44558 and one-half to No. 84 SBA 44559. In the supplemental findings and award, the WCJ stated: "There is no change in the amount of money paid in the February 13, 1987 Findings and Award, due to the application of *Wilkinson vs. WCAB* [(1977) 19 Cal.3d 491] to the above two cases."

After February 1987, applicant's back and psychiatric conditions deteriorated further, and on October 25, 1988, applicant filed a petition to reopen in both cases on the grounds of new and further disability. In No. 84 SBA 44558, the WCJ determined the petition to reopen was barred by Labor Code sections 5410 and 5804 because the petition was filed more than five years after the date of injury. In No. 84 SBA 44559, the WCJ found applicant established good cause to reopen and there was new and further disability. The WCJ found applicant's permanent disability had progressed to produce a total preclusion from the open labor market. The WCJ stated: "After apportionment of the disability to companion case 84 SBA 44558, this injury has resulted in 51 1/4% permanent disability amounting to 249.75 weeks of disability payments at the rate of $130.00 per week . . . ." Although the WCJ stated that *Wilkinson* applied, the WCJ concluded that, because there was no jurisdiction to reopen and increase the award in No. 84 SBA 44558, applicant could not be awarded 100 percent permanent disability indemnity in No. 84 SBA 44559.

Applicant filed a petition for reconsideration. The WCAB granted reconsideration and rescinded the WCJ's decision. In its decision after reconsideration, the WCAB determined it had no jurisdiction to reopen No. 84 SBA 44558.

The WCAB noted that, if the petition to reopen in No. 84 SBA 44558 were not barred, applicant would be entitled to receive $196 per week as permanent total disability indemnity because the WCJ found applicant is now 100 percent permanently disabled. The WCAB stated that, in view of the prior award for combined permanent disability under *Wilkinson* v. *Workers' Comp. Appeals Bd., supra*, 19 Cal.3d 491, and the WCJ's determination that he had no jurisdiction to reopen No. 84 SBA 44558, the WCJ should have found applicant was entitled to one-half the monetary amount of a 100 percent permanent disability award or $98 per week for life. The WCAB returned the matter to the trial level for disposition consistent with its opinion and for determination of an appropriate attorney fee.

### DISCUSSION

■ Applicant contends that, because the WCJ awarded permanent disability indemnity based on the combined effects of the 1979 and 1983 injuries, the WCAB had jurisdiction to reopen No. 84 SBA 44558 even though the petition to reopen was filed more than five years after the date of injury in that case. Applicant further contends that, based on the combined effects of the injuries in both cases, he is entitled to an award of permanent total disability indemnity even if there is no jurisdiction to reopen No. 84 SBA 44558.

## 1. *Lack of Jurisdiction to Reopen No. 84 SBA 44558*

Labor Code section 5410 provides in pertinent part: "Nothing in this chapter shall bar the right of any injured worker to institute proceedings for the collection of compensation . . . within five years after the date of the injury upon the ground that the original injury has caused new and further disability . . . . The jurisdiction of the appeals board in these cases shall be a continuing jurisdiction within this period. . . ."

Labor Code section 5804 provides: "No award of compensation shall be rescinded, altered, or amended after five years from the date of the injury except upon a petition by a party in interest filed within such five years . . . ."

We conclude that, because the petition to reopen was filed more than five years after the 1979 injury, the WCAB properly determined it had no jurisdiction to reopen No. 84 SBA 44558. (*Liberty Mut. Ins. Co.* v. *Workers' Comp. Appeals Bd.* (1981) 118 Cal.App.3d 265, 273-275 [173 Cal.Rptr. 349]; *Harold* v. *Workers' Comp. Appeals Bd., supra,* 100 Cal.App.3d at pp. 786-787.)

## 2. *Permanent Disability Indemnity Rate in No. 84 SBA 44559*

Although the WCAB had no jurisdiction to reopen No. 84 SBA 44558, we conclude the WCAB erred in computing the permanent disability indemnity in No. 84 SBA 44559. In *Harold* v. *Workers' Comp. Appeals Bd., supra,* 100 Cal.App.3d 772, the employee sustained an industrial injury to the right upper and lower extremities in 1971 and a second industrial injury to the right lower extremity in 1973. (*Id.,* at p. 775.) In 1975 the WCJ found both injuries became permanent and stationary at the same time. (*Id.,* at p. 783.) The applicant was awarded 32½ percent permanent disability indemnity for the 1971 injury and 33 percent permanent disability indemnity for the 1973 injury. (*Ibid.*)

In 1977 the applicant petitioned to reopen to take advantage of changes in statutory and case law affecting how permanent disability indemnity was computed. (100 Cal.App.3d at pp. 775-782, 783.) In 1971 Labor Code section 4658 was amended to provide a graduated scale under which the number of weeks of benefits increased in proportion to the percentage of permanent disability. In 1977 the Supreme Court had decided in *Wilkinson* v. *Workers' Comp. Appeals Bd., supra,* 19 Cal.3d 491, that, when successive industrial injuries to the same part of the body during the same employment become permanent and stationary at the same time, the WCAB should render

a single award for the combined disability. (*Id.,* at pp. 496-501.) The court explained that in such a situation apportionment might well be inequitable and would probably be unsupported by substantial evidence. (*Id.,* at pp. 497-499.) *Nuelle* v. *Workers' Comp. Appeals Bd.* (1979) 92 Cal.App.3d 239 [154 Cal.Rptr. 707] further developed the rule announced in *Wilkinson*. In *Nuelle* the court held that, when successive specific and cumulative injuries to the same part of the body become permanent and stationary at the same time and result in total permanent disability, the employee is entitled to benefits at the rate in effect at the time of the last injury. (*Nuelle* v. *Workers' Comp. Appeals Bd.,* supra, 92 Cal.App.3d at p. 249.)

In *Harold* the WCAB concluded the injuries did not become permanent and stationary at the same time. (*Harold* v. *Workers' Comp. Appeals Bd.,* supra, 100 Cal.App.3d at pp. 783-784.) Division One of this district held the WCAB used improper reasoning in disregarding the WCJ's findings because there was no evidence of considerable substantiality contrary to the WCJ's finding that both injuries became permanent and stationary at the same time. (*Id.,* at pp. 785-786.) The court concluded that the 1971 injury case could not be reopened because the petition to reopen was filed more than five years after the date of injury. (*Id.,* at pp. 775, 786-787.) The court held, however, that the jurisdictional bar against reopening the 1971 case did not prevent the court from applying *Wilkinson* and *Nuelle* to the 1973 injury case "to the extent possible." (*Harold,* supra, at p. 787, fn. omitted.) The *Harold* court noted that the courts have attempted to avoid unduly complicated arithmetic computations in applying *Wilkinson* and *Nuelle*. (*Harold,* supra, 100 Cal.App.3d at p. 787.) In reaching its holding, the court also applied the statutory rule that the courts must liberally construe Division Four of the Labor Code to extend its benefits to industrially injured workers (Lab. Code, § 3202). (*Harold,* supra, at p. 787.)

The court stated: "As Harold has met all the factual prerequisites for the application of the rule of *Wilkinson* and *Nuelle* she is entitled to 349.5 weekly payments of permanent disability as is provided for a post-April 1, 1972, award of 65 1/2 percent permanent disability. While an award of 32 1/2 percent permanent disability for the 1971 injury is only 130 weeks of payments, *the additional 219.5 weekly payments are not for the 1971 injury but for the increased permanent disability as a result of the 1973 injury. Thus, we are not altering the 1971 award in this respect.* However, as the 1971 injury award may not be modified the amount of the weekly payments thereunder cannot be adjusted. Accordingly, the first 130 weekly payments may only be $52.50 and the balance of the 219.5 weekly payments are to be $70 per week." (100 Cal.App.3d at pp. 787-788, fn. omitted, italics added.) The court further stated that the insurance company was entitled to credit for all prior permanent disability payments. (*Id.,* at p. 788, fn. 9.)

After *Harold* was decided, the *Wilkinson* rule was further developed in *Norton* v. *Workers' Comp. Appeals Bd.* (1980) 111 Cal.App.3d 618 [169 Cal.Rptr. 33]. In *Norton*, Division Three of this district held that, when successive industrial injuries to the same part of the body become permanent and stationary at the same time and there were contemporaneous industrial injuries to other parts of the body, all the injuries must be rated together. (111 Cal.App.3d at pp. 625-629.)

Here, unlike *Harold*, there was a life pension. In the present case, the WCJ had awarded applicant 599.25 weeks of permanent disability indemnity at $130 a week, and thereafter a life pension of $60.17 a week. The WCJ subsequently allocated one-half of the award to each case. The purpose of the "allocation" is unclear. The WCJ stated, however, that the allocation caused "no change in the amount of money paid in the February 13, 1987 Findings and Award, due to the application of *Wilkinson* . . . ." Labor Code section 4659, subdivision (a), provides for a life pension when the permanent disability is at least 70 percent but less than 100 percent. If the WCJ had intended to apportion one-half of the permanent disability to No. 84 SBA 44558, he would have decreased the total amount of money payable since neither case would have involved permanent disability of 70 percent or greater. Because the WCJ stated that the allocation caused "no change in the amount of money paid in the February 13, 1987 Findings and Award, due to the application of Wilkinson . . . ," the WCJ did not apportion the permanent disability.

Despite the lack of apportionment, the WCJ awarded applicant 51¼ percent permanent disability indemnity on reopening No. 84 SBA 44559 in 1991 because he determined applicant was 100 percent permanently disabled as a result of the combined effect of the 1979 and 1983 injuries but he had no jurisdiction to reopen No. 84 SBA 44558. The effect of the 51¼ percent permanent disability finding was to increase the number of weeks of permanent disability indemnity in No. 84 SBA 44559 while omitting the life pension. (Lab. Code, §§ 4658, subd. (a), 4659, subd. (a).) The WCJ's decision to increase the number of weeks of permanent disability indemnity in No. 84 SBA 44559 indicates the "allocation" of the original permanent disability indemnity award between the two cases was by the number of weeks of permanent disability indemnity payable in each case rather than by the amount of each weekly permanent disability indemnity payment. Thus, one-half of the 599.25 weeks of permanent disability indemnity awarded in 1987 (299.63 weeks at $130 per week) was "allocated" to No. 84 SBA 44558. One-half of the life pension of $60.17 per week may also have been "allocated" to that case.

In view of the holding in *Harold* v. *Workers' Comp. Appeals Bd.*, *supra*, 100 Cal.App.3d at page 787, that the WCAB may apply *Wilkinson* v.

*Workers' Comp. Appeals Bd., supra,* 19 Cal.3d 491, and *Nuelle v. Workers' Comp. Appeals Bd., supra,* 92 Cal.App.3d 239, "to the extent possible" (*Harold, supra,* at p. 787, fn. omitted), applicant is entitled to permanent disability indemnity at $196 per week once 299.63 weeks of permanent disability indemnity at $130 per week have accrued since he is now 100 percent permanently disabled. (Lab. Code, §§ 4453, subd. (a)(1), 4653, 4659, subd. (b).) The employer is entitled to credit in No. 84 SBA 44559 for any payment of a life pension in No. 84 SBA 44558.

*Liberty Mut. Ins. Co. v. Workers' Comp. Appeals Bd., supra,* 118 Cal.App.3d 265, is distinguishable from the present case. In *Liberty Mut. Ins. Co.* the applicant sustained an industrial back injury in 1963. (*Id.,* at p. 269.) In 1969 his condition was declared permanent and stationary and he was awarded 52 percent permanent disability indemnity. (*Ibid.*) He sustained a cumulative industrial back injury from April 1970 through April 9, 1975, and a specific industrial back injury on April 9, 1975. (*Id.,* at p. 270.) The WCAB found he was 100 percent permanently disabled as a result of all three injuries. (*Ibid.*) Division Two of this district concluded the WCAB erred in rating the three injuries together, because the WCAB had lost jurisdiction of the 1963 injury case. (*Id.,* at pp. 273-275.) The court distinguished *Harold,* noting that there the WCAB had jurisdiction of the 1971 injury case when it found the 1971 and 1973 injuries became permanent and stationary at the same time. (*Liberty Mut. Ins. Co., supra,* at pp. 274-275.) Similarly, in the present case, the WCAB still had jurisdiction in No. 84 SBA 44558 when it found the 1979 and 1983 injuries became permanent and stationary at the same time and issued a joint award.

Because the WCAB erred in its determination as to how the permanent disability indemnity should be calculated in No. 84 SBA 44559, the matter must be remanded to the WCAB for instructions to the WCJ consistent with the views expressed herein.

3. *Attorney Fees*

Applicant's attorney contends that appropriate attorney fees should be awarded based on counsel's services in obtaining additional temporary and permanent disability indemnity. Because there is no final order as to the attorney fees, we will not resolve that contention in this opinion. We note, however, that, upon remand, the WCAB will have an opportunity to consider counsel's contention.

DISPOSITION

The April 9, 1991, decision after reconsideration by respondent Workers' Compensation Appeals Board regarding the calculation of permanent disability indemnity in No. 84 SBA 44559 is annulled, and the matter is

remanded to respondent Workers' Compensation Appeals Board for further proceedings consistent with the views expressed herein.

Gilbert, J., and Yegan, J., concurred.

A petition for a rehearing was denied May 26, 1992, and on May 28, 1992, the opinion was modified to read as printed above. Respondents' petition for review by the Supreme Court was denied July 16, 1992.