Filed 1/17/14  P. v. McCloud CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063459 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD149289) |
| CHARLES MCCLOUD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Henry C. Coker, Public Defender, Randy Mize, Chief Deputy Public Defender, Matthew Braner and Jo Ellen Super, Deputy Public Defenders, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

In April 2000, Charles McCloud entered a guilty plea to one count of evading a peace officer with reckless driving (Veh. Code, § 2800.2, subd. (a)) and one count of being a felon in possession of a firearm (Pen. Code,[1] § 12021, subd. (a)(1)). He also admitted three strike prior convictions (§ 667, subds. (b)-(i)). The court sentenced McCloud to an indeterminate term of 25 years to life in prison.

In November 2012 the voters enacted Proposition 36 to modify California's Three Strikes Law. Pursuant to section 1170.126 persons who are serving an indeterminate sentence for a third strike offense, which was not a serious or violent felony, may petition the trial court to recall the sentence.

On November 20, 2012, McCloud filed a petition to recall his sentence. The court appointed counsel for McCloud and ultimately held a hearing to determine if he was eligible for resentencing under Proposition 36 (the Act). At the conclusion of the hearing the court found that the record from the 2000 convictions demonstrated that McCloud was armed with a firearm at the time of his offenses within the meaning of section 1170.126 and was therefore ineligible for resentencing under the Act.

McCloud appeals contending the trial court erred in several respects in finding him ineligible for relief as we will outline below.

We are satisfied the undisputed record shows McCloud was personally armed with a firearm when he committed the 1999 offenses, that the trial court need not rely on elements of the charged offenses, and that retrospective evaluation of the requirements

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

for resentencing under the Act does not mandate prior pleading and proof of the factors for ineligibility at the time of the original proceedings. Accordingly, we will affirm the trial court's determination that McCloud is not eligible for resentencing.

Given the limited nature of our factual inquiry on this appeal we will omit the traditional statement of facts and consider such facts as are relevant in the appropriate portion of the discussion which follows.

DISCUSSION

The basic issue presented in this case is whether the record discloses that McCloud was armed with a firearm during the commission of the offenses for which he is serving a third strike sentence. McCloud contends he is not ineligible for resentencing because the offense for which he was convicted, possession of a firearm by a felon, does not include the element of being armed with or using a firearm. McCloud also argues that in examining the underlying conviction in this case the court must use the same methodology as would be used in examining a recidivist enhancement allegation. (*People v. Guerrero* (1988) 44 Cal.3d 343; *People v. Myers* (1993) 5 Cal.4th 1193.) McCloud further argues that the prosecution in 1999 had the duty to plead and prove that he was armed at the time of the offense, and in the absence of a record of such pleading and proof, a retrospective determination he was ineligible for resentencing under the Act would violate the principles of due process established in *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*) and *Blakely v. Washington* (2004) 542 U.S. 296. Finally, McCloud contends that even if we reject his other arguments, the record is not sufficient to sustain the trial court's finding.

3

A.  Proposition 36

In November 2012 the voters enacted a reform of California's Three Strikes Law. "The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment.  Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence.  The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor.  In all other cases, the recidivist will be sentenced as a second strike offender.  [Citation.]  The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety.  (§ 1170.126.)" (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

The proponents of the Act informed the public in the Voter Information Guide that the amendments to the law would do several things.  They would (1) revise the three strikes law to impose life sentences only when a new felony conviction is serious or violent; (2) authorize resentencing for offenders currently serving life sentences if the third strike conviction was not serious or violent and the judge determines the sentence does not pose an unreasonable risk to public safety; (3) continue to impose life sentence penalties if the third strike conviction was for certain nonserious, nonviolent sex or drug

4

offenses or involved firearm possession; and (4) maintain life sentence penalties for felons with nonserious, nonviolent third strike convictions if the person has prior convictions for rape, murder or child molestation. (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) p. 48.)

Thus, the thrust of the reform was to modify the three strikes law to allow resentencing of or prevent future life sentences for persons whose third strike involves a nonserious or nonviolent felony. The proponents argued the reform would make it easier to deal with serious or violent offenders by removing those whose new offenses are not serious or violent, thus making room in the prisons for the truly dangerous offenders. The proponents, however, assured the public that dangerous felons would continue to receive the harsh third strike sentences where certain criteria are met. The criterion at issue in this case is whether the defendant was armed with a firearm during the commission of his commitment offenses. Persons armed with or using firearms were deemed by the proponents of the Act to be dangerous.

Having these principles in mind we turn to McCloud's individual contentions.

### B. Possession of a Firearm by a Felon

McCloud contends that conviction of possession of a firearm by a felon does not disqualify him from resentencing. The parties agree the offense does not qualify as a serious or violent felony. McCloud argues that the offense can be committed without being "armed." We agree that physical possession of a firearm is not required to prove possession. Such offense can be proved by showing constructive possession of the weapon, either directly or through another person. (*People v. Sifuentes* (2011) 195

5

Cal.App.4th 1410, 1417.) On the other hand being armed means that the defendant had the weapon physically available for offensive or defensive use. (*People v. Bland* (1995) 10 Cal.4th 991, 1003*; People v. Wandick* (1991) 227 Cal.App.3d 918, 921; *People v. Fierro* (1991) 1 Cal.4th 173, 225.)

Thus we agree with McCloud that mere proof of conviction for possession does not show the defendant was armed during the commission of the offense. Something more is required. McCloud contends we must examine the question of arming as if it was alleged as an enhancement, or as if the prosecution was attempting to prove a recidivist allegation. (*People v. Guerrero, supra*, 44 Cal.3d 343.) We disagree.

The controlling section in this case is section 1170.126, subdivision (e)(2). It makes a defendant ineligible for resentencing if "[d]uring the commission of the current offense [he] . . . was armed with a firearm." (§ 667, subd. (e)(2)(C)(iii).) As we will discuss below, the section does not require pleading and proof of arming when a retrospective examination of the sentence occurs nor does it refer to any requirement to establish elements of any of the statutory arming enhancements.

Rather we must follow the direction of the Act to liberally construe its terms to accomplish the purposes of the legislation. (Voter Information Guide, *supra,* text of Prop. 36, § 7, p. 110.)

## C. Pleading and Proof

A central contention in McCloud's challenge to the trial court's decision is that in order to establish he is ineligible for resentencing, the disqualifying criterion must have been pled and proved prior to his 2000 conviction. This is required, he argues, because

the ineligibility "increases punishment" and pleading and proof are required after *Apprendi, supra,* 530 U.S. 466. We disagree.

In *Apprendi*, *supra,* 530 U.S. 466, the court held that a defendant could not be sentenced to a term, in excess of the statutory maximum for the elements of the offense without the pleading and proof of the facts which would give rise to the increased term. There the trial court had imposed a term, beyond the statutory maximum for the offense, based on judicial fact finding that the crime was motivated by racial animus. (See also *Blakely v. Washington, supra*, 542 U.S. 296.) The difficulty with McCloud's argument is that he was sentenced to a life term, based upon factors properly pled and proved when the prosecution demonstrated McCloud was a third strike offender. Thus, in the retrospective examination of the record of conviction the question is not whether to increase punishment for the current offense, because that was already lawfully done. Rather, the question is whether, based on the manner of the commission of the underlying offense the prisoner is or is not eligible for a potential reduction of his or her sentence.

In the portion of the Act dealing with prospective application of the three strikes law to new cases, the statute requires the prosecution to plead and prove any factor which would qualify the defendant for a life term sentence, including, where appropriate, that the defendant was armed during the commission of the offense. (§ 667, subd. (e)(2)(C).) The differences in approach make sense. Prospectively, the prosecution is seeking, in the case of nonserious or nonviolent third strikes, to impose a life term, which would not be possible without the added factors. On the other hand, in a retrospective analysis of sentences, the increased punishment has already been lawfully imposed. We agree with

7

the court in *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1303, in finding no requirement of pleading and proof for factors of ineligibility in retrospective examination of third strike sentences.

## D. The State of the Record

Finally, McCloud contends the record on appeal does not establish he was armed during his offenses. We again disagree.

The underlying conviction followed a guilty plea. Prior to sentencing, the probation officer's report set forth the facts of the offense. The accuracy of that report has never been challenged. In addition, at the time of the plea McCloud admitted he evaded police and he possessed a firearm.

The probation report states: "On [January 25, 1999], at about 6:15 a.m., a San Diego police officer watched a vehicle drive though a red light. The officer stopped the vehicle in the 4200 block of Hamilton Street, but before the officer could contact the driver, the vehicle sped off. The driver ignored two stop signs as he continued to evade the police officer. The driver, Charles McCloud, subsequently tried to turn a corner and collided with a pole.

"The defendant exited the vehicle and ran away from the officer. Prior to apprehending the defendant, the officer saw the defendant throw an unknown object away. McCloud was handcuffed and a semiautomatic handgun was recovered. The gun

8

had one live round in the chamber and two live rounds in the magazine.  The defendant was read his *Miranda*[2] rights, but he refused to talk."

As we have noted there is no challenge to the accuracy of the report in this record. We are satisfied that a trial court reviewing the circumstances of the prior conviction could conclude that McCloud had a loaded firearm in his physical possession, indeed in his hand, during the commission of his current offenses.  The court's finding McCloud is ineligible for relief under the Act is supported by the record.

### DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

McDONALD, J.

---

2      *Miranda v. Arizona* (1966) 384 U.S. 436.