Filed 8/7/13  P. v. Durrand CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT TANYO DURRAND,<br><br>    Defendant and Appellant. | H038105<br>(Monterey County<br>Super. Ct. Nos. SS101453, SS102122 ) |
| In re ROBERT TANYO DURRAND,<br><br>    on Habeas Corpus. | H038984 |

Defendant Robert Tanyo Durrand appeals from a judgment entered after his guilty pleas to several felonies and misdemeanors.  His sole argument on appeal is that his trial counsel was ineffective for failing to object to the imposition of restitution fines imposed by the trial court pursuant to Penal Code section 1202.4, subdivision (b),[1] and the matching parole revocation fine imposed under section 1202.45.  In a separate petition for writ of habeas corpus, which we ordered considered with this appeal, defendant additionally argues that his trial counsel was ineffective for failing to investigate and properly advise him of potential defenses to his alleged prior strike conviction stemming from a Florida burglary offense, which he admitted as part of his plea agreement.

---

[1] Further unspecified statutory references are to the Penal Code.

For the reasons set forth below, we find no merit in defendant's contention that his trial counsel rendered ineffective assistance of counsel for failing to object to the imposition of the restitution fine and the matching parole revocation fine. However, we find that defendant has stated a prima facie case for relief in his accompanying petition for writ of habeas corpus, and therefore issue an order to show cause returnable to the superior court.

## FACTUAL AND PROCEDURAL BACKGROUND

The factual circumstances of defendant's underlying offenses are not relevant to the issues raised on appeal. It is therefore sufficient to say that defendant was charged by information in November 2010 with several counts including, as count 2, assault by means likely to produce great bodily injury (§ 245, subd. (a)(1)), with a special allegation that he personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)). The information further alleged that defendant had suffered a previous strike conviction within the meaning of section 1170.12, subdivision (c)(1), and had a prior prison commitment within the meaning of section 667.5, subdivision (b). Defendant pleaded no contest to count 2 and admitted the prior strike conviction pursuant to section 1170.12, subdivision (c)(1).

Defendant was sentenced in March 2012 to a total of nine years in prison.[2] The trial court ordered defendant to pay a restitution fine of $2,160, and a matching parole revocation fine in the amount of $2,160. Defendant appealed.

---

[2] Defendant was also sentenced to 438 days in prison, to be served concurrently with the felony case discussed here, after he violated probation in a separate misdemeanor case where he pleaded guilty to charges of making criminal threats, resisting and threatening an executive officer, and obstruction of a public officer. Probation in the misdemeanor case was revoked, and defendant filed a notice of appeal from this revocation in May 2012.

## DISCUSSION

### *Principles of Review for Ineffective Assistance of Counsel Claims*

In order to succeed on a claim of ineffective assistance of counsel, defendant must show both that counsel failed to act in a manner to be expected of a reasonably competent attorney acting as a diligent advocate and that defendant was prejudiced thereby. (*People v. Ledesma* (1987) 43 Cal.3d 171, 216-217; *Strickland v. Washington* (1984) 466 U.S. 668, 684 [discussing federal constitutional rights]; *People v. Pope* (1979) 23 Cal.3d 412, 422 [discussing both state and federal constitutional rights].)

We " 'need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed.' " (*In re Jackson* (1992) 3 Cal.4th 578, 604, quoting *Strickland v. Washington*, *supra*, 466 U.S. at p. 697.) A defendant establishes prejudice by demonstrating that without the deficient performance there is a reasonable probability the result would have been more favorable. In other words, even if counsel's actions fall below the threshold of reasonableness, a defendant must still show that counsel's actions were prejudicial. (*People v. Ledesma*, *supra*, 43 Cal.3d at p. 218.) A defendant must prove prejudice that is a " 'demonstrable reality,' not simply speculation." (*People v. Williams* (1988) 44 Cal.3d 883, 937; *People v. Fairbank* (1997) 16 Cal.4th 1223, 1241.)

### *Ineffective Assistance of Counsel: Failure to Object to Fine*

First, defendant makes the argument that his trial counsel was ineffective for his failure to object to the trial court's imposition of the $2,160 restitution fine and the matching $2,160 parole revocation fine. The $2,160 restitution fine was imposed pursuant to section 1202.4, and the matching parole revocation fine was imposed under section 1202.45.

3

At the time defendant committed the offenses in question in 2010, section 1202.4, subdivision (b) provided that a trial court shall impose a restitution fine in every case where a person is convicted of a crime, unless it finds a compelling reason not to do so and states these reasons on the record. (Stats. 2009, ch. 454, § 1 [former § 1202.4].) Former section 1202.4, subdivision (b)(2), further provided a statutory formula, stating that "[i]n setting a felony restitution fine, the court may determine the amount of the fine as the product of two hundred dollars ($200) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (Stats. 2009, ch. 454, § 1 [former § 1202.4, subd. (b)(2)].) Former section 1202.4, subdivision (b)(1) specified that the restitution fine "shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony . . . ." (Stats. 2009, ch. 454, § 1 [former § 1202.4, subd. (b)(1)].)

The version of section 1202.4 in effect at the time of defendant's sentencing, however, provided for a higher minimum fine.[3] This version of section 1202.4, subdivision (b)(1) provided that restitution shall be set "at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred forty dollars ($240) starting on January 1, 2012 . . . and not more than ten thousand dollars ($10,000) if the person is convicted of a felony . . . ." (Stats. 2011, ch. 358, § 1.) This version of section 1202.4, subdivision (b)(2) similarly provided for a formula, specifying that a court "may determine the amount of fine as the product of the minimum fine pursuant to paragraph (1) multiplied by the number of years of imprisonment the

_____

[3] The version of section 1202.4 in effect at the time of defendant's sentencing is different than the current version of section 1202.4, which was amended again, effective January 1, 2013. (Stats. 2012, ch. 873, § 1.5.) The current version of section 1202.4 similarly provides for the same minimum and maximum restitution fine as the version in effect at the time of defendant's sentencing. (§ 1202.4, subd. (b)(2).)

4

defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (Stats. 2011, ch. 358, § 1.)

During defendant's sentencing hearing, the trial court stated that it was imposing a "$240 restitution fine times the number of years . . . for a total of $2,160." The trial court further stated that "[i]n addition, $2,160 will be imposed but suspended pending your successful completion of parole." At no time during the sentencing hearing did the trial court indicate that it intended to set a *minimum* fine, or that it intended to utilize the formula pursuant to section 1202.4, subdivision (b). Nonetheless, defendant argues that the trial court erroneously applied the version of section 1202.4 in effect at the time of his sentencing, which provided for the discretionary formula of $240 multiplied by the number of years of imprisonment, instead of the discretionary formula provided for in the version of section 1202.4 in effect at the time he committed his crimes. Defendant claims that his trial counsel rendered ineffective assistance as his counsel made no objection to the restitution fine imposed by the trial court, and that had his counsel objected it was reasonably probable that the amount of the fines would have been reduced.

Defendant's argument that the trial court must have intended to impose the statutory formula under the version of section 1202.4, subdivision (b)(2), is merely speculative. During the sentencing hearing, the trial court stated that it was imposing the fine by calculating it as $240 multiplied by nine, which is the length in years of defendant's prison sentence. Nonetheless, the trial court never mentioned in the sentencing hearing that it was intending to sentence defendant per the discretionary statutory formula provided in section 1202.4, subdivision (b)(2). We note the minute order indicates that the fine was imposed pursuant to section 1202.4, subdivision (b)(2), but the trial court did not reference this statute during its oral pronouncement of judgment, which controls. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2.) Furthermore, as discussed *ante*, section 1202.4, subdivision (b)(2) itself states that use of

5

the formula is not mandatory, and does not specify that the trial court must utilize the formula by multiplying the minimum fine by the years of the prison term.[4] Absent a more explicit showing that the trial court intended to calculate the amount of the restitution fine by specifically applying the proscribed minimum formula, we cannot presume that the trial court failed to follow the applicable law. In fact, the opposite is true. " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

We have held in previous cases that if it is clear from the record that the trial court intends to impose a restitution fine using the statutory formula laid out in section 1202.4, subdivision (b)(2), trial counsel may be found ineffective for their failure to object if the trial court erroneously relied on a prior felony conviction that had been stricken. (*People v. Le* (2006) 136 Cal.App.4th 925, 935-936 (*Le*).) *Le* is not instructive, as the record there indicated that the trial court explicitly relied upon the formula set forth under section 1202.4, subdivision (b)(2). (*Le*, *supra*, at pp. 935-936.) Here, the record is not so clear that we are able to determine that the court misunderstood the correct formulation under the relevant version of section 1202.4, subdivision (b)(2). The trial court did not unequivocally state its intention to impose the minimum statutory formula laid out in section 1202.4, subdivision (b)(2). If it had pronounced its intention to impose the

---

[4] In fact, the probation report for defendant's offenses for making criminal threats, resisting and threatening an executive officer, and obstruction of a public officer, dated September 1, 2010, recommended that defendant be required to pay a restitution fine of $500 multiplied by the number of years of imprisonment, pursuant to section 1202.4, subdivision (b)(2). The $500 multiplicand recommended by the probation officer for this offense is clearly not the statutorily proscribed minimum, but provides for a fine that is well within the allowed range for fines pursuant to section 1202.4.

minimum formulation set forth under the statute, we would be more convinced that error exists.

Furthermore, defendant's claim that the failure to object is ineffective assistance of counsel because the imposition of the fine violates the ex post facto clause is unavailing. Imposition of an unlawful restitution fine runs afoul of the prohibition against the prohibition against ex post facto laws. (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248.) However, the trial court could have lawfully imposed the $2,160 restitution fine under the version of section 1202.4 in effect at the time defendant committed his crimes. That version of section 1202.4 provided for a *minimum* fine of $200 and a *maximum* fine of $10,000. (Stats. 2009, ch. 454, § 1 [former § 1202.4, subd. (b)(1)].) The imposition of the $2,160 restitution fine was therefore not an unauthorized sentence under the applicable statutes.

Accordingly, we determine that defendant has not shown that there was prejudice stemming from his counsel's failure to object to the restitution fine imposed under section 1202.4, subdivision (b). Defendant's claim of ineffective assistance of counsel on this point fails.

### *Ineffective Assistance of Counsel: Defenses to Prior Strikes*

Next, defendant argues in his separate petition for writ of habeas corpus that his trial counsel rendered ineffective assistance because the Florida statutes for burglary are broader than the corresponding California statutes, and that based upon his record of conviction for the Florida burglary, the prosecution could not prove that the Florida conviction was a prior serious felony or prior strike conviction pursuant to section 1170.12. Defendant argues that if his trial counsel had investigated his Florida burglary conviction and properly advised him he had a viable defense against the prior strike, he would not have pleaded guilty and would have insisted on going to trial. By letter dated

7

June 11, 2013, this court requested that the People file an informal opposition to the petition for habeas corpus.

Defendant admitted that the burglary was a serious or violent prior felony conviction pursuant to section 1170.12, subdivision (c)(1) as part of his plea agreement with regard to the felony currently on appeal.  Section 1170.12, subdivision (c)(1) provides that "[i]f a defendant has one prior serious and/or violent felony conviction as defined in subdivision (b) [of section 1170.12] that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction."  Section 1170.12, subdivision (b)(1) defines a serious felony as "[a]ny offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state."  Section 1192.7, subdivision (c) lists a multitude of felonies that are considered "serious," including "any burglary in the first degree," (*id.*, subd. (c)(18)) and "any felony in which the defendant personally used a dangerous or deadly firearm."  (*Id.*, subd. (c)(23).)

In his Florida burglary conviction, defendant pleaded guilty to the crime of armed burglary, in violation of Florida Statutes sections 810.02 and 777.011.  The version of Florida Statutes section 810.02 in effect at the time defendant entered his plea in 2001 defined burglary as "entering *or remaining* in a *dwelling*, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain."  (Fla. Stats. Ann. § 810.02(1)(a), italics added.)  The statute further specified that "[b]urglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender: . . . [¶] . . . [¶] (b) Is or becomes armed within the dwelling, structure, or conveyance, with explosives or a dangerous weapon."  (Fla. Stats.

8

Ann. § 810.02(2)(b).) "Dwelling," as defined under Florida law, is "a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof." (Fla. Stats. Ann. § 810.011(2).)

Florida Statutes section 777.011, to which defendant also pleaded guilty to, provides that "[w]hoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he or she is or is not actually or constructively present at the commission of such offense."

In contrast to the Florida statutes, first degree burglary in California is defined as entry into a structure *currently used* as a dwelling and with intent to commit a theft or a felony. (§§ 459, 460; *People v. Anderson* (2009) 47 Cal.4th 92, 101.) There are several differences between first degree burglary in Florida and first degree burglary in California. In Florida, first degree burglary can occur even if the building is not currently used as a dwelling, so long as it is designed to be occupied by people during the night, and in Florida a burglary can occur if a defendant enters a building without the intent to commit a felony, remains in the building, and then later forms the intent to commit a felony. In California, the intent to commit a felony must exist prior to entry into the dwelling.

Due to the discrepancy between Florida and California law, we must consider defendant's record of conviction in order to determine whether defendant's Florida burglary conviction includes all of the elements of a defined "serious" felony under California law. (*People v. Guerrero* (1988) 44 Cal.3d 343, 355 (*Guerrero*); *People v. Myers* (1993) 5 Cal.4th 1193, 1201.) What constitutes a record of conviction is not

9

entirely established, though in cases where defendants pleaded guilty to the charges, courts have interpreted the facts alleged in the information to be part of the record of conviction and therefore true. (*People v. Lewis* (1996) 44 Cal.App.4th 845, 855; *People v. Winslow* (1995) 40 Cal.App.4th 680, 689.)

Here, the record of defendant's Florida conviction for robbery, attached as exhibits to defendant's petition for writ of habeas corpus, includes a report filed by the arresting officer, an information alleging defendant committed armed robbery, a change of plea form indicating defendant withdrew his plea of not guilty to the armed robbery charge and entered a plea of guilty, and the judgment entered against defendant. There are no transcripts or other documents asserting that petitioner agreed to a particular factual basis for his plea.

The information charging defendant with armed burglary states that "[defendant], in the County of Pinellas and State of Florida, on the 13th day of May, in the year of our Lord, two thousand one, in the County and State aforesaid, unlawfully and without invitation or license did enter or remain in that certain structure, the dwelling of Bernard Carlvin, located at 69 First Street, SE, in the City of Largo, in the County and State aforesaid, the property of Bernard Carlvin, with the intent to commit an offense therein, and during the course thereof and within said structure was armed or did become armed with a dangerous weapon, to-wit: a gun, the said structure at the time not open to the public; contrary to Chapter 810.02(2)(b)/777.011, Florida Statutes, and against the peace and dignity of the State of Florida."

The written report filed by the arresting officer stated that defendant assisted a codefendant in committing the crime by kicking a door down and "taking a pair of green shorts and a Motorola pager" from the occupants. The report further specified that defendant's "co-defendant used a weapon during [the] crime." The People, in their informal opposition, argue that this complaint/arrest affidavit should be included in

10

defendant's record of conviction, and accordingly the record of conviction reflects that defendant committed burglary of an occupied dwelling.  We do not find that the complaint/arrest affidavit can be properly considered as part of defendant's record of conviction.

"[A]n arrest warrant is merely the instrumentality which authorizes taking the accused into custody in order that he may be required to respond to the accusations made against him in [a] pleading."  (*People v. Rivera* (1986) 186 Cal.App.3d 251, 254.)  Despite the People's contentions, the information contained in the arrest/complaint affidavit is not reliable and cannot be used to determine whether defendant's Florida burglary constituted a strike.[5]  As the People acknowledge in their informal opposition, we do not have a transcript of a plea hearing or any other documentation asserting that defendant agreed to a factual basis for his plea.  However, the People argue that the complaint/arrest affidavit was likely included in the packet of information regarding defendant's prior Florida conviction either because it was a part of the factual basis of the plea or because it was intended to guide petitioner's rehabilitation program while on probation.  We agree that it is possible that this information *was* used as a factual basis for defendant's plea, as the People assert.  Nonetheless, there is no evidence as to what actually constituted the factual basis of defendant's plea.  As such, we decline to make

---

[5] In their informal opposition, the People argue that the record of conviction includes the complaint/arrest affidavit because under California and Florida case law, police reports bear "indicia of reliability" in civil commitment proceedings, such as those proceedings involving sexually violent predators.  (*Jenkins v. State* (2001) 803 So.2d 783, 785; *People v. Otto* (2001) 26 Cal.4th 200, 211.)  We find this argument to be without merit, as the issue here is whether an arrest report may properly be considered as part of the record of conviction, not whether the information may be used in a civil commitment proceeding.

11

the logical leap to conclude that the complaint/arrest affidavit is a part of defendant's record of conviction.[6]

The People also assert that defendant's probation and revocation documents are part of his record of conviction because defendant was sentenced as a youthful offender under Florida Statutes, section 958.04, which withheld adjudication of guilt pending completion of probation. This meant defendant was not "adjudged guilty" of the offense of armed burglary of a dwelling until he violated his probation in 2003, despite the fact that he entered his plea in 2001. Preliminarily, we note that our review of the exhibits attached to the petition do not indicate that any of the probation revocation documents or probation documents shed light on the circumstances of defendant's offense. Furthermore, we find that the Supreme Court's decision in *People v. Trujillo* (2006) 40 Cal.4th 165 (*Trujillo*) forecloses the People's argument on this point.

In *Trujillo*, our Supreme Court held that "a defendant's statements, made after a defendant's plea of guilty has been accepted, that appear in a probation officer's report prepared after the guilty plea has been accepted are not part of the record of the prior conviction, because such statements do not 'reflect[] the facts of the offense for which the defendant was convicted.' [Citation.] We recognized in *People v. McGee* (2006) 38 Cal.4th 682, 691, that in determining whether a prior conviction is for a serious felony ' "the nature of the conviction is at issue." ' We explained that 'the relevant inquiry in deciding whether a particular prior conviction qualifies as a serious felony for California sentencing purposes is limited to an examination of the record of the prior criminal proceeding *to determine the nature or basis of the crime of which the defendant was*

[6] Furthermore, even if the complaint/arrest affidavit is properly considered part of defendant's record of conviction for the Florida burglary, the statements made by the officer in the report would be inadmissible hearsay. Accordingly, the statements could not be introduced to prove defendant's prior strike. (*People v. Reed* (1996) 13 Cal.4th 217, 230.)

12

*convicted*.' (*Ibid*., italics added.) [¶] A statement by the defendant recounted in a postconviction probation officer's report does not necessarily reflect the nature of the crime of which the defendant was convicted." (*Trujillo*, *supra*, 40 Cal.4th at p. 179.)

As articulated in *Trujillo*, the relevant inquiry before us is whether the crime for which defendant was convicted, to which he pleaded guilty, is a serious felony under California law that would qualify as a prior strike. If we were to consider information or documents filed after defendant entered his plea and the court accepted his plea, our focus would be incorrectly placed on circumstances of defendant's offenses of which he did not admit as part of his plea. It makes no difference that defendant was not "adjudged guilty" until his probation was revoked in 2003, as he entered his plea and the court accepted his plea in 2001. We therefore find that statements defendant made after his plea was accepted are not properly part of a record of conviction. (*People v. Roberts* (2011) 195 Cal.App.4th 1106, 1128.)

Our review of defendant's information, the only viable component of defendant's record of conviction, shows that no other information was provided regarding whether defendant was personally armed with a weapon, or if he was charged with armed burglary only because his codefendant was armed pursuant to Florida Statutes section 777.011. There is also nothing in the information that clarifies whether the dwelling defendant admitted to burglarizing was currently occupied, or whether there was anybody present during the burglary besides defendant and his accomplice. The information states that defendant burglarized the "dwelling of Bernard Carlvin," and that the structure was the "property of Bernard Carlvin," but considering the Florida statute's broader definition of "dwelling" we cannot say with certainty that the dwelling was currently inhabited, as it may be that Bernard Carlvin simply owned the property. We may infer habitation, but such an inference would not be based on the record of conviction.

13

As the People note in their informal opposition, the Fourth Appellate District considered a similar issue in *People v. Sample* (2011) 200 Cal.App.4th 1253. The defendant in *Sample* argued there was insufficient evidence that his past Florida burglary conviction constituted a prior strike conviction under California law as there was insufficient evidence that the structure he burglarized was a residence, or that he entered the structure with the intent to commit theft. (*Id.* at p. 1261.) The appellate court in *Sample* similarly explained that the relevant Florida burglary statutes of which Sample was convicted of violating are "broader than California's first degree burglary statute and could encompass both conduct considered first degree burglary in California as well as lesser conduct." (*Ibid.*) The court then considered Sample's record of conviction, which included the prosecutor's comments immediately before the court accepted defendant's guilty plea. (*Ibid.*) The factual basis supplied by the Florida prosecutor in Sample's case indicated that Sample entered a person's *home* and took the person's wallet. (*Id.* at p. 1262.) Here, unlike the situation contemplated in *Sample*, we have no factual basis that establishes the "dwelling" defendant entered was in fact someone's home, or that it was currently inhabited at the time of the burglary.

We therefore find that it cannot be established based upon the record of conviction before us that defendant committed a first degree burglary under California law, or that he personally *used* a firearm, which is also defined as a serious felony under section 1192.7, subdivision (c)(8). The information alleged only that he was *armed* with a firearm, and there is no information indicating whether defendant himself used the gun during the admitted burglary. As our Supreme Court has determined, "when the record does not disclose any of the facts of the offense actually committed, the court will presume that the prior conviction was for the least offense punishable under the foreign law." (*Guerrero*, *supra*, 44 Cal.3d at p. 352.) We therefore must presume that

14

defendant's prior burglary conviction was for the least offense punishable under Florida law.

Attached to defendant's petition for writ of habeas corpus is a signed declaration by defendant's trial attorney. In this declaration, defendant's trial attorney states that he "did not believe there was a defense to the alleged prior strike conviction," and that he "did not advise [defendant] that he had a defense to the prior strike conviction." Furthermore, defendant's trial counsel declared that defendant "expressed a desire to take his case to trial," but that he informed defendant that the maximum possible sentence for his charges was 20 years in prison, and it would have increased to 25 years since the district attorney's office "wanted to amend the information to add a prior serious felony conviction." Defendant's counsel further stated that with an amendment to the information to add a prior serious conviction, the minimum possible sentence would be nine years if defendant was convicted and the allegations proven, unless the trial court were to strike a prior strike pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, which defendant's trial counsel "believed to be unlikely."

Defendant's signed declaration, also attached to his petition for writ of habeas corpus, corroborates his trial counsel's declaration. In his declaration, defendant says that he did not know there was a defense to the allegation of a prior strike or serious felony conviction, and that had he known that the prosecution could not prove the offense he would not have entered a plea of no contest to the felony charge.

The People argue that a defense attorney's obligation to advise defendants on issues in the plea context is bound within a multitude of uncertainties, including what constitutes a "record of conviction," whether the prosecutor is able to augment available records to support allegations of prior convictions, and the possibility that the prosecutor may withdraw the plea bargain if a defendant challenges some aspects of the record, to the detriment of the defendant. We agree with this assessment, and note that in many

15

cases, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." (*Strickland v. Washington*, *supra*, 466 U.S. at pp. 690-691.) However, a court will not give deference to an attorney's strategic decision where "the failure of counsel to avail himself of information relevant to the defense removed all rational support from that decision." (*In re Saunders* (1970) 2 Cal.3d 1033, 1049.)

Defendant's petition for writ of habeas corpus sufficiently supports his argument that his trial counsel failed to adequately investigate his prior conviction, as it seems reasonably possible that there may have been a defense. The documents that defendant's trial counsel received regarding his Florida burglary conviction did not support the allegation that he suffered a prior serious conviction as defined in section 1170.12, subdivision (c)(1). "An appellate court receiving [a petition for a writ of habeas corpus] evaluates it by asking whether, assuming the petition's factual allegations are true, the petitioner would be entitled to relief. [Citations.] If no prima facie case for relief is stated, the court will summarily deny the petition. If, however, the court finds the factual allegations, taken as true, establish a prima facie case for relief, the court will issue an [order to show cause (OSC)]. [Citations.] . . . Issuance of an OSC, therefore, indicates the issuing court's *preliminary assessment* that the petitioner would be entitled to relief if his factual allegations are proved." (*People v. Duvall* (1995) 9 Cal.4th 464, 474-475.)

16

We find that defendant has met his burden of alleging a prima facie case for ineffective assistance of counsel and supporting his contention that his counsel's deficient advice and lack of investigation resulted in defendant admitting a prior conviction allegation to which it is reasonably probable that defendant had a defense. Accordingly, we find an order to show cause must issue on this claim.

**DISPOSITION**

The judgment is affirmed. With respect to defendant's habeas corpus petition, let an order to show cause issue returnable before the Monterey County Superior Court.

_____
Premo, J.

WE CONCUR:

_____
Rushing, P.J.

_____
Elia, J.

17