[No. S030607. Sept. 30, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
VICTOR CRADDOCK MYERS, Defendant and Appellant.

## COUNSEL

Paul McCarthy, under appointment by the Supreme Court, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger, W. Scott Thorpe and Jane N. Kirkland, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BAXTER, J.**—We are asked to decide whether a jury or, if jury trial has been waived, the court may look beyond the statutory elements of a crime of which a defendant was convicted in another state and consider the record of the prior conviction to determine whether the term "enhancement" created by Penal Code section 667, subdivision (a) (hereafter section 667(a)),[1] has been established.

The Court of Appeal, believing that the question was governed by *People v. Crowson* (1983) 33 Cal.3d 623 [190 Cal.Rptr. 165, 660 P.2d 389], held that a section 667(a) enhancement may be based on conviction of a serious felony in a foreign jurisdiction only if all of the elements of the corresponding California felony are elements of the foreign offense. It therefore struck the disputed term enhancement which the trial court imposed after considering an Arizona probation report.

We conclude that application of *Crowson* to the section 667(a) enhancement would be inconsistent with the intent of the electorate which adopted section 667 in 1982 as part of the initiative measure denominated Proposition 8, "The Victims' Bill of Rights." Just as it may do when the prior conviction was suffered in California (*People* v. *Guerrero* (1988) 44 Cal.3d 343 [243 Cal.Rptr. 688, 748 P.2d 1150]), the trier of fact may consider the entire record of the proceedings leading to imposition of judgment on the prior conviction to determine whether the offense of which the defendant was previously convicted involved conduct which satisfies all of the elements of the comparable California serious felony offense.

---

[1]All references to California statutes are to the Penal Code.

The Determinate Sentencing Act (§ 1170 et seq.) permits, and in some cases mandates, the imposition of additional consecutive terms, designated "enhancements" (see § 1170.1, subd. (e) [former subd. (d)]), which extend the term of imprisonment otherwise applicable for an offense if the defendant has been charged with, and found to have engaged in, specified types of conduct in the commission of the present offense or in the past. Section 667 does so by mandating an additional five-year term, consecutive to the term for the new offense, if the defendant has previously been convicted of a "serious felony" listed in subdivision (c) of section 1192.7 [§ 667, subds. (a), (d)].

Therefore, we shall reverse the judgment of the Court of Appeal, and remand the matter to that court for consideration of appellant's remaining claims.[2]

I

FACTS

On June 3, 1991, appellant Victor Craddock Myers pleaded guilty to the February 13, 1991, burglary of an inhabited dwelling house (§ 459) and admitted the truth of an allegation that on May 16, 1989, he had been convicted in Nevada of burglary, conceding that the Nevada offense was a serious felony within the meaning of section 667(a). Pursuant to the agreement under which the plea was entered, the trial court determined the truth of two other enhancement allegations. The one in issue here alleged that on October 14, 1975, respondent had been convicted of burglary in violation of Arizona Revised Statutes, former sections 13-301 and 13-302. That conviction was also alleged to be a serious felony within the meaning of section 667(a). The trial court, after considering records of the 1975 conviction, including the probation report submitted to the Arizona court, found the prior conviction allegation true and added a five-year consecutive term to the term for the California burglary.[3]

Section 667(a) mandates imposition of that five-year enhancement if a defendant convicted of a serious felony "previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony. . . ."

Subdivision (d) of section 667 defines "serious felony" as one listed in subdivision (c) of section 1192.7, among which is "(18) burglary of an inhabited dwelling house, or trailer coach . . . or inhabited portion of any other building." Section 1192.7 was also adopted by the electorate as part of Proposition 8. At the time of its adoption subdivision (c)(18) provided that "burglary of a residence" was a serious felony. The 1986 amendment (Stats.

---

[2]The Court of Appeal did not reach appellant's argument that the trial court erred in overruling his objection and considering hearsay statements in the Arizona probation report. Whether the mandate of section 1170.1, subdivision (f), that an enhancement under section 667 be pleaded and "proven as provided by law" restricts the trier of fact to consideration of admissible evidence only was not an issue before the court in *People* v. *Guerrero, supra*, 44 Cal.3d 343. It is appropriate that the Court of Appeal address this issue and appellant's other claims before this court undertakes to do so.

[3]The People conceded that the second prior conviction, a 1980 Arizona offense, was not an offense which included all of the elements of the felony defined under California law. (See § 667.5, subd. (f).) Accordingly, the Court of Appeal also struck that enhancement from the term imposed by the trial court. The ruling on the 1980 offense is not in issue here.

1986, ch. 489, § 1, p. 1809) substituted "inhabited dwelling house" for "residence." Prior to the 1986 amendment we had already concluded that the term "residence" in section 1192.7 was "intended to encompass not only dwelling houses and trailer coaches, but also 'the inhabited portion of any other building.'" (*People* v. *O'Bryan* (1985) 37 Cal.3d 841, 844 [210 Cal.Rptr. 450, 694 P.2d 135].)

The 1975 Arizona indictment charging appellant with burglary alleged in Count I that he feloniously committed "burglary of the dwelling house belonging to Edward Williams . . . in violation of [Arizona Revised Statutes, former section] 13-302."[4] At that time Arizona Revised Statutes section 13-302 defined burglary as: "A person entering a building, dwelling house, office, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, garage, tent, vessel, railroad car, or motor vehicle, trailer or semitrailer . . . with intent to commit grand or petty theft, or any felony, and a person entering an outhouse or other building not enumerated in this section with intent to commit a felony . . . ."

The 1975 indictment did not expressly allege that the "dwelling house belonging to Edward Williams" was inhabited, and the Arizona statute did not include that as an element of burglary.[5] However, the recitals of the probation report submitted to the Arizona court prior to the imposition of sentence suggested that the residence was inhabited at the time of the offense. The "Official Version" described in the report stated that Williams found defendant under the bed in the master bedroom when Williams and his wife returned to their home from an out-of-town visit. The report recited as "Defendant's Version of the Offense" that appellant had stated he was a friend of the Williams family, had been at the residence the night before the offense, and, on the following day, while the Williamses were out of town, had entered the home to take some change.

Although appellant argued that only the statutory elements of the Arizona burglary could be considered in determining the truth of the enhancing allegation, the trial court considered the probation report and found the

---

[4]Count II alleged that he stole personal property valued at more than $100 from Edwards.

[5]Appellant also asserts that the Arizona definition of burglary differs from the offense described in section 459 because it includes alternative elements—either entering a dwelling house with felonious intent or "remaining" with such intent. That definition of burglary is found in Arizona Revised Statutes section 13-1507, however, not in former Arizona Revised Statutes section 13-1302, under which appellant was convicted. The Arizona burglary statute was revised and renumbered as part of the revision of that state's Criminal Code in 1978. The "enter or remain" change was adopted at that time. (See *State* v. *Altamirano* (1990) 166 Ariz. 432 [803 P.2d 425, 427].) Appellant was convicted in 1975. "Remaining" was not an element of burglary in Arizona at that time.

allegation that appellant had committed the burglary which was a serious felony true. Appellant did not object to admission of the report into evidence, but he did object to consideration of the hearsay recitals in the report to determine if there was a factual basis upon which to find the allegation true. Because it concluded that *People* v. *Crowson, supra,* 33 Cal.3d 623, applied and on that basis ordered the enhancement stricken, the Court of Appeal did not address any of appellant's other arguments.[6]

## II

### DISCUSSION

This court was first called upon to decide what evidence may be considered by the jury or court in determining whether a foreign felony conviction contained all of the elements of a California offense for purposes of sentence enhancement in *People* v. *Crowson, supra,* 33 Cal.3d 623.[7] There the enhancement authorized by section 667.5, subdivision (b) was in issue. The subdivision mandated a one-year consecutive term for prior separate prison terms served for any felony. Subdivision (f) of section 667.5 defined prior conviction as including "a conviction in another jurisdiction for an offense which includes all of the elements of the particular felony as defined under California law if the defendant served one year or more in prison for the offense in the other jurisdiction."

The trial court had imposed the one-year enhancement on Crowson's sentence after concluding that the defendant's federal conspiracy conviction qualified as a prior conviction within the meaning of section 667.5. The defendant contended, and we agreed, that the federal conspiracy offense (21 U.S.C. § 846) differed from the California offense in that it did not include as an element the overt act required by section 184. The federal indictment to which Crowson had pleaded guilty had alleged the commission of two overt acts, however. We rejected the People's argument that those allegations were relevant, reasoning that if the allegations were surplusage the

[6]In addition to the hearsay claim, appellant argued, and repeats the claims here, that even if section 667(a) is construed as permitting consideration of the record of a foreign conviction, the trial court erred in finding the allegation that he had suffered the 1975 Arizona conviction true because the record on which the trial court relied was insufficient to support the finding that he committed a residential burglary. He contends that an Arizona probation report is not part of the record of conviction, that this record was not certified, and that in the absence of a sentencing transcript the trier of fact cannot determine whether the recitals of the probation report were challenged and refuted at the sentencing hearing.

[7]The sentence enhancement provisions of section 667(a) replaced the "habitual criminal" provisions of the Indeterminate Sentence Law (former §§ 644, 668), which, rather than adding an "enhancement" to the term for the new offense, mandated imposition of a life term instead of the term otherwise specified, for the new offense.

defendant had no reason to contest them. We concluded that the Legislature intended that a "least adjudicated elements of the prior conviction" rule (see *In re Finley* (1968) 68 Cal.2d 389, 392-393 [66 Cal.Rptr. 733, 438 P.2d 381]), which we believed governed use of foreign convictions in application of the habitual criminal statute (former § 664), should also govern section 667.5 enhancements. That approach, we reasoned, had been endorsed by the Legislature when it incorporated an element of the offense standard in section 667.5, subdivision (f). (*People* v. *Crowson, supra*, 33 Cal.3d at p. 634.)

■ Appellant argues, and the Court of Appeal agreed, that the wording of section 667 is so similar to that of section 667.5, subdivision (f) that the electorate necessarily intended that the least adjudicated elements of the offense defined by the foreign statute also govern the section 667(a) enhancement. Under that approach, only the foreign jurisdiction's statutory or common law definition of the offense may be considered to determine if the offense would be a serious felony in California. Only the elements of the offense which must be proved to sustain a conviction of the offense are considered in deciding if the offense "includes all of the elements of the particular felony as defined under California law." (§ 667.5, subd. (f).) " 'Neither the People nor the defendant can go behind those adjudicated elements in an attempt to show that he committed a greater, lesser, or different offense.' " (*People* v. *Crowson, supra*, 33 Cal.3d at p. 634, quoting *In re Finley, supra*, 68 Cal.2d at pp. 392-393, italics omitted.)

The People contend that the approach subsequently adopted in *People* v. *Guerrero, supra*, 44 Cal.3d 343, better reflects the intent underlying section 667(a) insofar as this provision applies to foreign convictions. We agree.

In *Guerrero* we faced the same question in applying section 667(a) to prior California convictions. As here, the question arose in the context of prior convictions for burglary suffered at a time when the nature of the building entered was not an element of the crime. The term enhancement could be applied only if the offense committed by the defendant involved "burglary of a residence," however. (§ 1192.7.) When *Guerrero* was decided, the purpose of including criminal conduct which did not mirror the statutory elements of the offense in section 1192.7 had already been recognized in *People* v. *Jackson* (1985) 37 Cal.3d 826 [210 Cal.Rptr. 623, 694 P.2d 736]:

"Paragraphs (18) and (24) describe nonviolent criminal conduct which is, nevertheless, so dangerous that its repeated occurrence might in the minds of the voters call for enhanced punishment equivalent to that imposed upon violent recidivists. The inclusion of these items evidences the intent of the

voters to deter the conduct described in these paragraphs equally with the violent criminal conduct described in other paragraphs. We give effect to this intent by construing paragraphs (18) and (24) as referring not to specific criminal offenses, but to the criminal conduct described therein, and applicable whenever the prosecution pleads and proves that conduct." (37 Cal.3d at p. 832.)

Because the defendant had admitted the truth of the section 667(a) allegation which included a recital that the prior burglary was a residential burglary we did not decide in *Jackson* whether the "least adjudicated elements" approach should be used to determine if a prior conviction supported the enhancement. We held that it should in *People* v. *Alfaro* (1986) 42 Cal.3d 627 [230 Cal.Rptr. 129, 724 P.2d 1154], but that decision was reconsidered and overruled to that extent in *Guerrero, supra,* 44 Cal.3d 343. After reexamining *In re Finley, supra,* 68 Cal.2d 389, we concluded that the rule actually laid down in that decision and the cases on which it relied, *In re McVickers* (1946) 29 Cal.2d 264 [176 P.2d 40] and *In re Seeley* (1946) 29 Cal.2d 294 [176 P.2d 24], permitted the court to look to the entire record of conviction to determine the "substance" of a prior foreign conviction. Only if the record did not disclose the facts of the offense actually committed would the court presume that it rested only on the least statutory elements necessary for a conviction. (*People* v. *Guerrero, supra,* 44 Cal.3d 343, 355.)

We therefore held that "in determining the truth of a prior-conviction allegation, the trier of fact may look to the entire record of the conviction. [¶] Such a rule is both fair and reasonable. To allow the trier of fact to look to the entire record of the conviction is certainly reasonable: it promotes the efficient administration of justice and, specifically, furthers the evident intent of the people in establishing an enhancement for 'burglary of a residence'—a term that refers to *conduct,* not a specific *crime.* To allow the trier to look to the record of the conviction—*but no further*—is also fair: it effectively bars the prosecution from relitigating the circumstances of a crime committed years ago and thereby threatening the defendant with harm akin to double jeopardy and denial of speedy trial." (*People* v. *Guerrero, supra,* 44 Cal.3d at p. 355, original italics.)

The Court of Appeal recognized that in *Guerrero* we had adopted the reasoning of the plurality opinion in *People* v. *Jackson, supra,* 37 Cal.3d 826. As those decisions made clear, the inclusion of paragraphs (18) and (24) in subdivision (c) of section 1192.7 reflects the electorate's intent that the criminal conduct described in those paragraphs be predicates for the "serious felony" enhancement mandated by section 667(a). The Court of Appeal nonetheless reasoned that foreign felony convictions were not governed by

*Guerrero* because, in describing the foreign felony as one "which includes all of the elements of any serious felony," section 667(a) used language substantially identical to that of section 667.5, subdivision (f). Since *Guerrero* had not addressed that aspect of section 667(a), the Court of Appeal concluded foreign convictions were still governed by *People* v. *Crowson, supra,* 33 Cal.3d 623.

Were we to construe the descriptive language of section 667(a)—"any offense committed in another jurisdiction which includes all of the elements of any serious felony"—as suggested by the Court of Appeal, the result would be inconsistent with the intent of the electorate. That intent is to impose the term enhancement whenever the prior conviction includes all of the elements of a California serious felony or involves the conduct described in paragraphs (18) or (24) of subdivision (c) of section 1192.7. No distinction is made between California and foreign offenses. Section 667(a) establishes the minimum elements of a foreign offense. That offense must include all of the elements of the comparable California serious felony. But, by incorporating the definition of serious felony found in section 1192.7 into section 667(a), subdivision (d) of section 667 expanded the categories of qualifying felonies to include not only the listed offenses when the elements of the corresponding California serious felony are present, but also prior offenses, in California or elsewhere, in which the defendant's conduct while committing the prior felony is conduct described in paragraphs (18) and (24) of subdivision (c) of section 1192.7.

A defendant whose prior conviction was suffered in another jurisdiction is, therefore, subject to the same punishment as a person previously convicted of an offense involving the same conduct in California. To implement the purpose of the electorate in incorporating paragraphs (18) and (24) of subdivision (c) of section 1192.7 into section 667(a), the trier of fact must be permitted to go beyond the least adjudicated elements of the offense and to consider, if not precluded by the rules of evidence or other statutory limitation, evidence found within the entire record of the foreign conviction.

### III

#### DISPOSITION

The Court of Appeal erred in holding that section 667(a) applies only if a foreign offense includes all of the elements of the corresponding felony. The truth of an allegation made pursuant to section 667(a) that the defendant was convicted of a serious felony in a foreign jurisdiction may be determined on the basis of the entire record of the prior conviction in the same manner that

the truth of an allegation that the defendant suffered a prior California conviction of a serious felony may be determined. (*People* v. *Guerrero, supra,* 44 Cal.3d 343.)

The judgment of the Court of Appeal is reversed and the matter remanded with directions to consider appellant's remaining arguments.

Lucas, C. J., Mosk, J., Panelli, J., Kennard, J., Arabian, J., and George, J., concurred.