**John Wesley PARRATT, Jr.,
Petitioner—Appellant,**

v.

**Gail LEWIS, Warden, Respondent—
Appellee.**

No. 05–16166.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 15, 2006.

Filed Aug. 23, 2006.

John Wesley Parratt, Jr., Folsom State Prison, Folsom, CA, for Petitioner–Appellant.

Mary J. Graves, George M. Hendrickson, Office of the California Attorney General (SAC) Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: CANBY, THOMPSON, and HAWKINS, Circuit Judges.

MEMORANDUM *

John Wesley Parratt, Jr. ("Parratt") appeals the district court's denial of his petition for a writ of habeas corpus. This

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Court has jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's denial. *Collier v. Bayer,* 408 F.3d 1279, 1281 (9th Cir.2005). We affirm.

The California Court of Appeal's decision finding sufficient evidence that Parratt's Oregon robbery convictions constituted robbery under California law was not contrary to established federal law. *See* 28 U.S.C. § 2254(d); *see also Williams v. Taylor,* 529 U.S. 362, 405–07, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (explaining that the contrary-to prong of § 2254(d) applies when the state court fails to identify the controlling federal standard); *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (stating the federal sufficiency-of-evidence standard). The state court was permitted to consult the entire out-of-state conviction record to determine whether Parratt was convicted of robbery in California. *People v. Myers,* 5 Cal.4th 1193, 1195, 22 Cal. Rptr.2d 911, 858 P.2d 301 (1993). The California statute and case law allowing the court to examine the entire record is not contrary to the Supreme Court's holding in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *Taylor's* holding applies only to the federal sentencing-enhancement statute and has not been extended to similar state statutes. *Id.* at 601–02, 110 S.Ct. 2143. The state court's finding of sufficient evidence based on the charging documents, findings of guilt, and probation reports from Parratt's Oregon convictions was not in conflict with the federal sufficiency-of-the-evidence standard.

We decline to consider the two uncertified issues Parratt raises on appeal.

We therefore AFFIRM the denial of Parratt's habeas petition.