John Charles ENGLAND,
Petitioner–Appellant,

v.

David L. RUNNELS, Warden,
Respondent–Appellee.

No. 07–15917.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2008.*

Filed March 14, 2008.

William M. Robinson, Santa Clara, CA, for Petitioner–Appellant.

Eric D. Share, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: HUG, RYMER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

John Charles England appeals the district court's denial of his petition for a writ

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm as to the certified issue, and decline to reach the uncertified issue.

## I

■ England basically treats this matter as if it were before us on direct appeal and we could hold that the *Apprendi*[1] right to jury trial includes a jury determination of the elements of prior convictions beyond the mere fact of those convictions. This is not the posture of this case, however, and the question before us instead is whether the California Court of Appeal's decision was contrary to, or involved an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The answer to *that* question is no. The United States Supreme Court held in *Almendarez–Torres v. United States*, 523 U.S. 224, 239, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that the enhancement of a sentence based on a prior conviction is not an element of the charged offense that needs to be charged or submitted to the jury. It has adhered to this rule ever since. *See, e.g., Jones v. United States*, 526 U.S. 227, 235, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999); *Apprendi*, 530 U.S. at 489, 120 S.Ct. 2348; *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856, 860, 166 L.Ed.2d 856 (2007). The Court has never declared that this principle is limited to the fact of conviction alone such that it could not extend to Myers[2] facts, nor has any other persuasive authority. Accordingly, the California Court of Appeal's decision is not contrary to clearly established federal law.

## II

■ Even if there were constitutional error, it is harmless. *Washington v. Re-*cuenco*, 548 U.S. 212, 126 S.Ct. 2546, 2553, 165 L.Ed.2d 466 (2006). Given England's own statements, a jury would likely find beyond a reasonable doubt that the victim at the gas station was the clerk, and thus was in constructive possession of the money that England stole. Likewise, a jury would likely find that England used force while trying to take money out of the till when the clerk slammed it on his hand, rather than trying to escape, and so had the requisite specific intent.

## III

■ We construe England's briefing as a request to certify the issue of sufficiency of evidence supporting the classification of his priors. Circuit Rule 22–1. However, there is no basis for a certificate of appealability as England has failed to make a "substantial showing of the denial of a constitutional right[,]" 28 U.S.C. § 2253(c)(2), under *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

AFFIRMED.

---

**1.** *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

**2.** *People v. Myers*, 5 Cal.4th 1193, 1195, 22 Cal.Rptr.2d 911, 858 P.2d 301 (1993).