FILED

DEC 08 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BENNY WILLIAMS,

    Petitioner - Appellant,

v.

J. WALKER; JERRY BROWN; JAY
WALKER,

    Respondents - Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 09-57060

D.C. No. 3:07-cv-00959-BTM-AJB

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, U.S. District Judge, Presiding

Argued and Submitted September 1, 2011
Pasadena, California

Before: SCHROEDER and GOULD, Circuit Judges, and NAVARRO,** U.S.
District Judge, Presiding.

  Petitioner-Appellant Benny Williams challenges the district court's denial of
his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have
jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

  Williams' petition was timely under the AEDPA. Although the California

Supreme Court denied his petition with a citation to *In re Clark*, 5 Cal.4th 750 (1993), this alone is not a sufficient indication that the court's citation to *Clark* was meant to infer that the petition was found to be untimely because there was no specific pinpoint citation. The Clark opinion is lengthy and also addresses procedural bars against piecemeal presentation of claims, "abuse of the writ," as well as representation of claims that were previously resolved on direct appeal. *In re Clark*, 5 Cal. 4th at 764–82. Accordingly, it is unclear why the state court denied the petition and the federal court must conduct an independent inquiry to determine if the state habeas petition was filed within a "reasonable time." *Evans v. Chavis*, 546 U.S. 189, 198 (2006). Finding that all but one time period between the date Williams' conviction became final and each subsequent round of habeas review fit within the 60-day period considered timely by the Supreme Court, the district court held that Williams' petition was timely.[1] We agree and affirm.

However, Williams does appear to have procedurally defaulted on his fourth through eighth claims. Absent showings of "cause" and "prejudice," federal habeas relief is unavailable when "a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," and "the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). The

---

1 There was one 64-day period that elapsed between the denial by the court of appeal on May 24, 2006 and Williams' filing in the California Supreme Court on June 27, 2006. However, the additional 4 days is not a significant delay to warrant a determination of untimeliness.

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Gloria M. Navarro, District Judge of the U.S. District Court for Nevada, sitting by designation.

California Supreme Court denied Williams' claims four through eight with citations to *In re Clark*, 5 Cal.4th 750 (1993) and *In re Robbins*, 18 Cal.4th 770 (1998). "A summary denial citing *Clark* and *Robbins* means that the petition is rejected as untimely." *Walker v. Martin*, 131 S.Ct. 1120, 1126 (2011). The denial of habeas relief by the California Supreme Court on the ground that the application for relief was filed untimely is an independent and adequate state procedural ground requiring denial of subsequent habeas petitions in federal court. *Id.* Williams has not demonstrated "cause" and "prejudice" as a result of the alleged violation of federal law or demonstrated that failure to consider the claims will result in a fundamental miscarriage of justice.

Turning to the merits of Williams' claims, Williams first argues that allowing evidence of each charged robbery and one prior robbery to be cross-admissible to prove identity under California Evidence Code § 1101 was a violation of due process. The state court gave a limiting instruction, directing the jury not to draw improper inferences from the evidence. We must presume that the jury followed the instructions and drew only a permissible inference. *Boyde v. Brown*, 404 F.3d 1159, 1172 (9th Cir. 2005). We find that the state court's determination that the § 1101 instruction did not violate due process was not contrary to or an unreasonable application of clearly established Supreme Court precedent. *See Alberni v. McDaniel*, 458 F.3d 860, 866–67 (9th Cir. 2006).

Williams next argues that he was not afforded due process because he was not given adequate notice of the facts that would be used to prove his prior conviction. Due process requires that a defendant be given adequate notice of what he or she has to defend against. *Gray v. Netherland*, 518 U.S. 152, 167 (1996); *In re Ruffalo*, 390 U.S. 544 (1968). Williams was properly notified that the

prosecution would use his prior 1978 conviction of a violation of California Penal Code § 245(a) as a strike prior under California law. *See James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Williams has no right to be notified of *what evidence* the prosecution will use to prove a prior conviction. *Gray*, 518 U.S. at 167–168.

Finally, Williams argues that there was a violation of the contract clause of the United States Constitution because he entered into plea agreements that dismissed the counts of firearm use. The legal obligations of the 1974 and 1978 plea agreements appear to be fulfilled. There were no promises in either plea agreement regarding the use of the convictions for purposes of enhanced sentencing in the future. The trial court properly applied the law in existence at the time of the new offense to sentence the defendant, including the determination of the effect of the prior offense on his sentence for the new crime, without violating the contract clause. *People v. Gipson*, 117 Cal.App.4th 1065, 1070 (2004).

Even if Williams has not procedurally defaulted on claims four through eight, these claims also lack merit.

Williams' fourth claim for relief alleges that dual use of the prior convictions by the trial court to impose three consecutive five-year enhancements for each of his three prior convictions and then to impose an indeterminate sentence under California's Three Strikes law was improper. California law has specifically upheld the propriety of such a sentencing scheme. *People v. Purata*, 42 Cal.App.4th 489, 498 (1996). Consequently, Williams fails to cite a basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Williams' claim for ineffective assistance of counsel fails because every issue that Williams argues his appellate counsel should have raised lacks merit.

Therefore, Williams has not shown that his counsel was not functioning as the 'counsel' guaranteed

by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Williams argues in his sixth claim for relief that the 1996 Oregon felony conviction cannot be used as a strike under California law because the elements of the Oregon crime do not contain all the elements of a similar offense under California law. If the conduct of the prior crime satisfies the elements of a "serious felony" then it is properly classified as a strike. *See People v. Myers*, 5 Cal.4th 1193, 1200–01 (1993). The facts from the Oregon conviction could lead any rational trier of fact to conclude that all the elements of a serious felony under California law were satisfied beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 317–20 (1979). Accordingly, the 1996 Oregon felony conviction for attempted robbery in the second degree qualifies as a "strike" under California's Three Strikes law.

Williams' seventh claim is substantially similar to his second claim. The prosecution provided sufficient evidence to demonstrate that the 1978 prior conviction was a serious felony that involved either a deadly weapon or caused great bodily injury. Contrary to his assertion, Williams was put on notice that the prosecution was going to provide evidence to establish that the 1978 prior conviction qualified as a strike under California law. *See James*, 24 F.3d at 24.

Williams' final contention is that use of the 1974 and 1978 prior convictions as strikes was a violation of double jeopardy because the firearm use allegations were dismissed in both cases as a result of plea bargains. This argument lacks merit because "the enhanced punishment imposed for the later offense is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes but

instead as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *See United States v. Kaluna*, 192 F.3d 1188, 1198 (9th Cir.1999) (en banc) (quoting *Witte v. United States*, 515 U.S. 389, 399 (1995) for the proposition that recidivist sentencing schemes do not violate double jeopardy clause).

Williams filed a supplemental brief presenting the uncertified issue that the sentencing judge found additional facts in each of the prior convictions that increased his sentence in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). We decline to expand the Certificate of Appealability in order to reach Williams' *Apprendi* issue. Therefore, Appellant's motion is denied.

**AFFIRMED**