Filed 2/8/16  P. v. Underwood CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIE UNDERWOOD,<br><br>    Defendant and Appellant. | B262803<br><br>(Los Angeles County<br>Super. Ct. No. BA306194) |

APPEAL from an order of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

Eric Robert Larson for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Willie Underwood appeals from an order denying and dismissing his petition for recall of sentence on three counts under Penal Code section 1170.126.[1] Underwood argues he is eligible for resentencing on two counts in light of the California Supreme Court's recent decision in *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*). While acknowledging *Johnson*'s applicability, the Attorney General argues Underwood nevertheless remains ineligible for resentencing as defined by sections 1170.126, subdivision (e)(2), 667, subdivision (e)(2)(C)(iii), and 1170.12, subdivision (c)(2)(C)(iii) because he was armed. We affirm.

## BACKGROUND

Following a jury trial in 2007, Underwood was convicted of (1) assault with a semiautomatic firearm (§ 245, subd. (b)); (2) felony evasion of a peace officer (Veh. Code, § 2800.2, subd. (a)); and (3) possession of a firearm as a previously convicted felon (former § 12021, subd. (a)(1), now § 29800, subd. (a)(1).)[2] The court sentenced him to a total term of 6 years plus 77 years to life in prison under the three strikes law. (See *People v. Underwood* (Feb. 25, 2010, B212973, at p. 7 [nonpub. opn.] (*Underwood I*).)[3] Underwood appealed, but the appellate court upheld Underwood's conviction and sentence. (*Underwood I*, at pp. 1, 19.)[4] Underwood petitioned the Supreme Court for review, but the Supreme Court denied review. Following California's implementation of Proposition 36, the Three Strikes Reform Act of 2012, Underwood filed a petition for

---

[1] Undesignated statutory references are to the Penal Code.

[2] References to the charge of possession of a firearm as a previously convicted felon will be referred to as section 29800 offenses because the substance of the statute did not change when it was amended.

[3] The parties did not submit a complete record in this case due to the limited scope of issues on appeal.

[4] This court upheld Underwood's conviction but ordered the trial court to issue an amended abstract of judgment to give Underwood 1,945 days of presentence credit and to acknowledge Underwood's victim restitution obligation as joint and several. (*Underwood I*, *supra*, B212973, at p. 19.)

recall of his sentence under section 1170.126. The lower court held that because Underwood's assault conviction was a serious felony under section 1192.7, subdivision (c)(31), he was ineligible for resentencing on all three counts under section 1170.126, subdivision (e)(2).

While Underwood's resentencing petition was pending before the trial court, the California Supreme Court had not yet decided *Johnson*; it issued *Johnson* about a month after the lower court denied Underwood's petition. (*Johnson*, *supra*, 61 Cal.4th 674.) In *Johnson*, the Supreme Court held that defendants are eligible for resentencing on any qualifying counts, even if they are ineligible for resentencing on unqualified counts. (At pp. 687–688.) Underwood appealed the trial court's denial of his resentencing petition.

## DISCUSSION

On appeal, Underwood argues his evasion and possession counts are eligible for resentencing under *Johnson* because they are non-serious felonies which are not otherwise disqualifying under sections 1170.126, subdivision (e)(2), 667, subdivision (e)(2)(C)(iii), and 1170.12, subdivision (c)(2)(C)(iii). (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C)(iii), and 1170.12, subd. (c)(2)(C)(iii) [denying resentencing when "during the commission of the current offense, the defendant . . . was armed with a firearm or deadly weapon"].) Underwood further contends we cannot hold he was "armed," in any event, for the section 29800, subdivision (a)(1) possession charge as a matter of statutory interpretation.

Underwood is correct that, under *Johnson*, it was error as a matter of law for the court to deny his petition for resentencing on all counts because his assault charge was a serious felony under section 1192.7, subdivision (c)(31). (*Johnson*, *supra*, 61 Cal.4th at p. 688.) We agree with the Attorney General, however, that Underwood's remaining evasion and possession counts remain ineligible for resentencing because he was "armed" under sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii). We affirm.

**A.    Underwood was "armed" under sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii), rendering his evasion and possession counts ineligible for resentencing**

Underwood claims we must remand resentencing to the lower court because determining whether he was "armed" for the evasion and possession counts would require us to impermissibly decide a "new" fact based on evidence outside the record of conviction. Although the California Supreme Court has not comprehensively defined "record of conviction," courts of appeal have consistently held that in the three strikes context it includes "the entire record of the proceedings leading to imposition of judgment," including the trial transcript and appellate court opinions. (*People v. Myers* (1993) 5 Cal.4th 1193, 1195; see *People v. Bartow* (1996) 46 Cal.App.4th 1573, 1580; *People v. Woodell* (1998) 17 Cal.4th 448, 454–455.) In *Underwood I*, the appellate court reported that at trial, two police officers testified they had seen Underwood "holding a pistol grip shotgun" as he was fleeing from them in his vehicle and "carrying the shotgun" as he exited his vehicle to flee by foot. (*Underwood I*, *supra*, B212973, at p. 3.) Underwood does not cite to any cases challenging an appellate court using trial transcripts or a previous appellate opinion to determine whether a defendant was "armed"; the cases he does cite to as a challenge to our use of the record are inapplicable because they address portions of the record not at issue here. (See, e.g., *People v. Berry* (2015) 235 Cal.App.4th 1417 [use of preliminary hearing transcript and probation report was improper to establish conduct necessary for 1170.126, subdivision (e)(2) purposes where charges alleging that conduct were dismissed].) Thus, the court correctly found, based on the above evidence, Underwood was "armed" when he committed the offenses at issue.

Underwood argues that even if the record of conviction *could* allow a fact finder to determine he was "armed" while committing the offense, the record does not clearly establish the jury actually determined he was armed. For resentencing purposes, however, courts have held that conduct under sections 667 and 1170.12 need not be pleaded, proved, or clearly found by a jury to render counts ineligible for sentencing.

(*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1058; see also *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1033 (*Osuna*).) As a pointed example, in a case where the underlying count was a section 29800 possession charge, one appellate court factually determined a defendant was "armed" with a firearm for sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii) purposes based on a prior appellate opinion stating "defendant was actually holding a handgun when he first got out of the car." (*Osuna*, at p. 1030.) Based on this case law, finding Underwood was "armed" given the evidence at bar of his conduct underlying the charges does not require us to impermissibly determine a disputed issue of fact, as Underwood argues. (See *Blakely*, at p. 1058; *People v. McGee* (2006) 38 Cal.4th 682, 691–692, quoting *People v. Guerrero* (1988) 44 Cal.3d 343, 355 ["'To allow the trier of fact to look to the entire record of the conviction is certainly reasonable'"]; see also *People v. Wilson* (2013) 219 Cal.App.4th 500, 516 [unlike here, appellate resolution of sentencing based on "disputed facts" about whether defendant caused element of "personal infliction" would be "fundamentally unfair"].) We therefore may, and do, determine Underwood was "armed" based on the record of conviction.

**B.     A defendant may be considered "armed" for section 29800, subdivision (a)(1) possession counts**

Underwood additionally argues that as a matter of statutory interpretation, a defendant can never be considered "armed" for a section 29800, subdivision (a)(1) felon in possession charge. A body of case law addressing this statutory interpretation issue refutes his contention. (*People v. White* (2014) 223 Cal.App.4th 512, 524–526 [convicted felon carrying revolver during current offense was "armed"]; *Osuna*, *supra*, 225 Cal.App.4th at p. 1030; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312 ["For Purposes of Section 1170.126, Unlawful Possession of a Firearm Can Constitute Being Armed During an Offense"]; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 792–793 ["plain language" of the "armed" exclusion dictates ineligibility if defendant was "armed" during current offense]; *People v. Hicks* (2014) 231 Cal.App.4th 275, 284 [likewise finding the "armed" exception is "plain language"].) Underwood provided no

5

contrary cites.  We agree that "under the plain language of the armed with a firearm exclusion, [a] defendant is ineligible for resentencing relief as a second strike offender if his life sentence was 'imposed' because '[d]uring the commission of the current offense, [he] used a firearm, [or] was armed with a firearm.'"  (*Brimmer*, at p. 792–793.)  As described above, it was otherwise proper to determine Underwood was "armed" and therefore to refuse to remand for resentencing.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


LUI, J.


We concur:


ROTHSCHILD, P. J.


CHANEY, J.

6