Filed 9/15/16  P. v. Rameses CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C078604 |
| Plaintiff and Respondent, | (Super. Ct. No. P99CRF0145) |
| v. | |
| ROBERT RAMESES, | |
| Defendant and Appellant. | |

In July 2000 defendant Robert Rameses was convicted of one count of passing bad checks.  (Pen. Code, § 476a, subd. (a).)[1]  Defendant had four prior convictions for second degree murder in Florida.  The court sentenced defendant to an indeterminate term of 25 years to life in prison.  Following the passage of Propositions 36 and 47, defendant filed a petition for recall of his sentence.  Defendant appeals the trial court's denial of his petition.  We shall affirm the judgment.

---

[1]  All further statutory references are to the Penal Code unless otherwise designated.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury found defendant knowingly wrote over two dozen bad checks at 12 local businesses. The jury convicted defendant of one count of passing bad checks and found he had four strike prior offenses, all second degree murder convictions in Florida. In January 2001 the court sentenced defendant to 25 years to life.

Subsequently, we affirmed the trial court's judgment.[2] We rejected defendant's argument that there was insufficient evidence to support the strike findings because the elements of second degree murder in Florida are not the same as those in California.

In November 2014 defendant filed a petition for recall of sentence pursuant to Proposition 36, the "Three Strikes Reform Act of 2012," passed by the voters in November 2012. Defendant renewed his argument that the elements of second degree murder are different in Florida than in California. Therefore, his prior convictions are not eligible strikes under California law.

The following month, the trial court ordered a hearing on defendant's petition, as well as defendant's request for sentencing pursuant to Proposition 47. The court appointed the public defender to represent defendant and scheduled a hearing for January 26, 2015.

However, on January 15 the court denied both petitions, stating: "The court received a motion from the defendant requesting resentencing pursuant to the recent Proposition 47 and the previous Proposition 36 (the 'Three Strikes Reform Act'). The court has reviewed the moving papers as well as the files in these matters and respectfully denies both requests.

"The court takes judicial notice of its own files and notes that the defendant's prior convictions disqualify him from resentencing under *Penal Code* § 1170.126[, subd.] (e).

---

[2] We previously granted respondent's request for judicial notice of the record in the prior proceeding, *People v. Rameses*, case No. C037486.

2

In order to be eligible for the resentencing the prior convictions cannot be a serious or violent felony as set forth in *Penal Code* § 1192.7[, subd.] (c). The defendant's priors are set forth there.

"Further, the defendant does not qualify for resentencing pursuant to Proposition 47 for, essentially, the same reason. Those priors disqualify the defendant under *Penal Code* § 1170.18[, subd.] (i). Finally, to the extent necessary, the court makes a finding that the defendant remains a danger to society based on the priors.

"In sum, the petition for resentencing under both Propositions 36 and 47 is denied."

Defendant filed a timely notice of appeal. Defendant also filed a motion for a hearing, arguing under *Kastigar v. United States* (1972) 406 U.S. 441 [32 L.Ed.2d 212] that the use of his prior convictions violated an immunity agreement he entered into with the United States government to resolve the Florida murder charges. The court denied the motion: "Under subdivision (f) [of section 1170.126], upon receipt of the petition, the court must make an initial determination as to whether the petitioner satisfies the requirements of the section. This court has determined that he does not.

"Once this determination is made, no further proceedings are required. The court therefore denies the request for a hearing and reaffirms the denial of the motion for resentencing."

## DISCUSSION

Defendant argues the trial court erred in finding him ineligible for resentencing under either Proposition 36 or Proposition 47 because the evidence presented at trial fails to establish his second degree murder convictions in Florida would qualify as strikes under California law. According to defendant, the records submitted to the jury regarding his four prior second degree murder convictions did not establish that he would have been guilty of second degree murder in California under either the facts presented at

3

trial or the elements of the offense as alleged. Defendant also alleges he was entitled to a hearing prior to the trial court's finding that he constituted a danger to society.

**The Statutory Scheme**

Proposition 36 was intended to narrow the scope of the three strikes law by requiring the triggering offense to be a serious or violent felony, with certain limitations. (§ 1170.126; *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1292-1293.) Section 1170.126, subdivision (e) sets forth the eligibility requirements for relief under Proposition 36. A defendant is ineligible for relief if he or she has a prior conviction for any of the offenses listed in two other cross-referenced sections of the three strikes law. (§ 1170.126, subd. (e)(3).) Only two of the referenced sections apply in the present case: "Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive," and "Any serious and/or violent felony offense punishable in California by life imprisonment or death." (§§ 667, subd. (e)(2)(C)(iv)(IV) & (VIII), 1170.12, subd. (c)(2)(C)(iv)(IV) & (VIII).)

Proposition 47, enacted in November 2014, was intended to reduce penalties for certain drug and property crimes by reclassifying those crimes from felonies to misdemeanors and providing a procedure for recalling the sentences of those currently serving a sentence for those offenses. (§ 1170.18; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.) Included in the targeted crimes is a violation of section 476a (uttering a bad check) when the total amount does not exceed $950. (§§ 476a, subd. (b), 1170.18, subd. (a).)

However, defendants with enumerated prior convictions are not eligible for resentencing: "The provisions of this section shall not apply to persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of section 290." (§ 1170.18, subd. (i).) Section 667, subdivision (e)(2)(C) includes any homicide or attempted homicide as defined in

4

sections 187 through 191.5 and any other felony punishable by life imprisonment or death.  (§ 667, subd. (e)(2)(C)(iv)(IV) & (VIII).)

**Applicable Law**

In order to determine whether defendant's prior convictions for murder in Florida would qualify as "strikes" for purposes of California law, we consider the entire record of the proceedings leading to imposition of judgment on the prior conviction to determine if the murders satisfy all the elements of a serious or violent felony under California law. (*People v. Myers* (1993) 5 Cal.4th 1193, 1195 (*Myers*); *People v. Guerrero* (1988) 44 Cal.3d 343, 354.)  To qualify as a serious felony, a conviction from another jurisdiction must involve conduct that would qualify as a serious felony under California law.  In making this determination we consider the entire record of the prior convictions as well as the elements of the crime.  (*People v. Avery* (2002) 27 Cal.4th 49, 53.)

The text of a statute on which an out-of-state conviction was based becomes an issue where the entire record cannot be examined or where the records relied upon fail to establish facts disclosing the substance of the offense actually committed.  Only if the record does not disclose the facts of the offense as committed do we presume that the prior conviction was for the least offense punishable.  (*People v. McMahan* (1992) 3 Cal.App.4th 740, 745.)

"[T]he trier of fact must be permitted to go beyond the least adjudicated elements of the offense and to consider, if not precluded by the rules of evidence or other statutory limitation, evidence found within the entire record of the foreign conviction."  (*Myers*, *supra*, 5 Cal.4th at p. 1201.)  As noted above, when the record does not disclose any of the facts of the offense actually committed, we presume the prior conviction was for the least offense punishable.  However, the record need only contain additional evidence from which we can reasonably presume that an element of the crime was adjudicated in the prior conviction.  We apply this rule in a case in which the prior conviction resulted

from the defendant's guilty plea. (*People v. Zangari* (2001) 89 Cal.App.4th 1436, 1440 (*Zangari*).)

**Background of the Florida Offenses**

Defendant committed several murders in Florida at the request of Yahweh ben Yahweh, whom defendant described as "the head of a black, racist cult, whose members claimed to be the true Jews, and who believed their divine mission to be the elimination of the white race." In 1988 defendant entered pleas of not guilty to four counts of second degree murder. He agreed to testify about the cult under a grant of immunity in exchange for the dismissal of murder charges in three other cases and a 22-year sentence concurrent with any sentence he might receive for other homicide convictions in Florida.

At defendant's 2000 trial in El Dorado County, the prosecution introduced evidence of the Florida indictments, judgments, and plea agreement that resolved three cases charging defendant with four counts of first degree murder.

**Indictment No. 86-32222**

Indictment No. 86-32222 charged defendant with two counts of first degree murder. Count I charged defendant in the killing of Rudolph Broussard in October 1986 "as part of a common scheme or plan, and while acting as a principal in concert with a person or persons . . . from a premeditated design" by shooting the victim with a pistol. Count II charged defendant with the same crime on the same date and by the same means against Anthony Brown. Count III charged defendant with attempted first degree murder of Anthony Brown. Count IV charged defendant with unlawful possession and display of a firearm during the commission of a felony.

**Indictment No. 87-3750**

Indictment No. 87-3750 charged defendant in count I with the first degree murder of Cecil Branch in September 1986 "from a premeditated design to effect the death of a human being, or while engaged in the perpetration of, or in an attempt to perpetuate Burglary . . . by stabbing, slashing or cutting the said Cecil Branch with a deadly weapon,

6

to wit:  A sharp metal object, such as a knife or sword." Count II charged defendant with armed burglary for unlawfully entering or remaining in the victim's dwelling with the intent to commit murder.

**Indictment No. 87-3751**

Indictment No. 87-3751 charged defendant in count I with the first degree murder of Raymond Kelley in September 1986 "from a premeditated design to effect the death of a human being, or while engaged in the perpetration of, or in an attempt to perpetrate burglary . . . by slashing and /or stabbing the said Raymond Kelley with a deadly weapon, to wit:  A knife." Count II charged defendant with burglary based on his unlawful entry or remaining within an automobile occupied by the victim with the intent to commit murder and/or theft during the course of the burglary and while being armed with a knife. In count III defendant was charged with knowingly, unlawfully and feloniously obtaining a firearm for stealing the victim's handgun.

Subsequently, defendant entered into a plea bargain in which he pleaded guilty to counts I and II in indictment No. 86-32222, count I in indictment No. 87-3750, and count I in indictment No. 87-3751, with all four charges reduced to second degree murder and the remaining charges to be dismissed after sentencing. The plea agreement also specified defendant was to be sentenced to 22 years in prison in exchange for his full cooperation with local and federal authorities in connection with the investigation into the Yahweh sect and to testify in any proceeding against members of the sect. Defendant would be eligible for release in accordance with state and federal sentencing guidelines and then placed in a federal witness protection program. Defendant spent approximately seven years in prison.

The plea bargain is set forth in the judgments in the three cases. During the colloquy on the plea bargain, the following exchange took place.

"The Court:  Counsel, satisfied he understands the nature of the charge and the consequences of the plea?

7

"[Defense Counsel]: Yes, ma'am.

"The Court: Waiving proffer; stipulating the Information states a prima facie case; waiving any PSI [presentence investigation] to which he might be entitled?

"[Defense Counsel]: Yes, ma'am.

"[Prosecutor]: Indictment.

"The Court: Okay.

"[Prosecutor]: Indictments.

"The Court: Indictments, indictments. Habit.

"Both sides stipulate that if witnesses were present in court today they would . . . stipulate substantially--that they would testify substantially the same as that which appears in the A-form and substantially to that which I think was a Motion to Suppress we were hearing?

"[Defense Counsel]: Yes, ma'am.

"[Prosecutor]: Yes.

"The Court: To the testimony which the Court heard on the Motion to Suppress?

"[Defense Counsel]: So stipulated.

"[Prosecutor]: Yes, Judge, we stipulate."

Defendant was adjudicated guilty of two counts of second degree murder with a firearm, a lesser included offense to first degree murder, and sentenced to 22 years in prison in case No. 86-32222. He was adjudicated guilty of one count of second degree murder with a deadly weapon, with an identical 22-year sentence in each of case Nos. 87-3750 and 87-3751, all three to run concurrently.

The El Dorado County trial court received into evidence copies of Florida statutes from 1985 and 1987. The court also received into evidence a transcript of defendant's change of plea hearing in the Florida convictions in which defendant stipulated that each of the indictments stated a prima facie case.

8

The jury found true the prior conviction allegations. The trial court found the convictions qualified as strikes for purposes of the three strikes law.

**Appeal in Case No. 37486**

In his prior appeal, defendant challenged the sufficiency of the evidence to establish that his four second-degree murder convictions in Florida were strike priors. According to defendant, neither the Florida second degree murder statute nor the record of his prior convictions show he was convicted of serious or violent felonies under California law. We found that the indictments in conjunction with defendant's guilty pleas established that he committed all four murders using deadly weapons. We also noted that, "[a]lthough it was alleged that he acted 'in concert' with another as to the two shooting victims, the indictment charged that in each of two counts defendant 'did unlawfully and feloniously, from a premeditated design to effect the death of a human being, . . . kill . . . a human being, by shooting him with a firearm, to wit: A pistol.' This language shows defendant was the triggerman."

We found defendant's crimes constituted serious felonies under section 1192.7, subdivision (c)(8) and (23), and thus strikes under section 667, subdivision (d)(2), because defendant committed the murders while personally using a firearm or dangerous or deadly weapon. However, we did not consider whether the differences between second degree murder in Florida and California precluded a finding that the Florida convictions constituted strikes. Nor did we address the People's contention that sufficient facts were alleged to show that defendant's crimes would have constituted murder under California law.

**The Case Before Us**

Defendant contends, and the People concede, that our prior opinion does not constitute the law of the case because our decision does not resolve the issues in this appeal. As the People point out, personal use of a firearm or deadly weapon in the commission of a prior offense does not disqualify a defendant from relief under

9

Proposition 36 or Proposition 47. (§§ 667, subd. (e)(2)(C)(iv), 1170.12, subd. (c)(2)(C)(iv).)

Defendant concedes that killing with premeditation as alleged in indictment No. 86-32222 is considered first degree murder under California law. However, defendant contends that because second degree murder does not require premeditation, "it cannot be said with sufficient certainty that [defendant's] plea to second-degree murder was responsive to the allegation of 'premeditated design' murder."

The record reflects that defendant's guilty plea allowed him to avoid a life or possible death sentence in exchange for his cooperation in pursuing members of the Yahweh sect. The indictments alleged defendant personally used a firearm or other deadly weapon in committing the murders. Moreover, defendant stipulated in pleading guilty that the indictments stated a "prima facie case."

Under California law there are three categories of second degree murder. The first is unpremeditated murder with express malice, the unlawful killing of a human being with malice aforethought when there is an intent to kill but insufficient evidence to establish deliberation and premeditation. The second is implied malice murder, the unlawful killing of a human being when the killing resulted from an intentional act, the consequences of the act are dangerous to human life, and the act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life. The third is second degree felony murder, the unlawful killing of a human being, whether intentional, unintentional, or accidental, which occurs during the commission or attempted commission of certain crimes when the defendant had the specific intent to commit the crime. (*People v. Swain* (1996) 12 Cal.4th 593, 601-602.)

The People contend defendant's stipulation in pleading to the allegations in indictment No. 86-32222, the statements in the plea agreement, and the judgment confirm that defendant's conduct in case No. 86-32222 constituted second degree murder under California law. Defendant argues his stipulation to the prima facie case against him in

the Florida murders "does not unambiguously include the alleged mental element of premeditation – the only element that would have rendered the Florida crime in question unequivocally the crime of murder in California. This strictness in interpreting the stipulation is not one of litigious punctilio, but a matter of established legal principles governing guilty pleas – principles that operate in both California and in Florida." In support, defendant cites *People v. Reynolds* (1989) 211 Cal.App.3d 382 (*Reynolds*) and *People v. Jones* (1999) 75 Cal.App.4th 616 (*Jones*).

The defendant in *Jones* was charged with having suffered a prior serious felony conviction for federal bank robbery in Washington State. The defendant, who was charged with violations under sections 2113(a) and 2113(d) of title 18 United States Code, pleaded guilty to the lesser offense under section 2113(a). However, section 2113(a) set forth two classes of offenses under separate paragraphs, and only a violation under the first paragraph would constitute a strike prior. (*Jones*, *supra*, 75 Cal.App.4th at pp. 630-632.)

The People sought to prove the defendant's prior conduct fell within those offenses classified as strikes by offering a fingerprint card listing the charge as "Bank Robbery" and the judgment of conviction under title 18 United States Code section 2113(a) as a lesser included offense. However, the Court of Appeal found the fingerprint card was merely a reference to the statute as a whole, and the reference to lesser included offense failed to clarify whether the conduct to which the defendant had pleaded fell under the first or second paragraph of section 2113(a). The court held "[t]he evidence presented by the People did not suffice to disclose the facts of the prior offense actually committed . . . ." (*Jones*, *supra*, 75 Cal.App.4th at pp. 633-635.)

In *Reynolds*, the People conceded that the records of the defendant's convictions in Oregon for burglary in the first degree and for robbery in the third degree did not necessarily support a section 667 enhancement. However, the People argued that the reference to the information or indictment in each of the Oregon cases established that the

11

prior conviction was a serious felony for the purpose of the five-year enhancement under sections 667 and 1192.7, subdivision (c). (*Reynolds*, *supra*, 211 Cal.App.3d at pp. 388-389.)

The appellate court disagreed, stating that in the Oregon cases, the only reference was to a conviction for an included offense of the crime charged in the information or indictment. Such a reference cannot unambiguously incorporate any specific elemental fact enunciated in the information or indictment. In addition, it was unclear whether the People could have produced the change of plea form, the colloquy at the time of plea, or any other evidence to support the finding that the Oregon priors were serious felonies. (*Reynolds*, *supra*, 211 Cal.App.3d at p. 390.)

Here, the People's contention that defendant's murder convictions in Florida were based on killing with malice, second degree murder, was supported by the plea agreement and the plea colloquy underlying indictment No. 86-32222. From this evidence, the trial court could reasonably presume that defendant's admitted acts established the elements of second degree murder. (*Zangari*, *supra*, 89 Cal.App.4th at p. 1440.)

Defendant argues the equivocation and ambiguity in the evidence in this case cannot be dismissed as negligible: "To shoot and kill someone with a firearm may or may not be murder in California, and if it is done with the minimal requirements to establish a 'depraved mind' murder in Florida, then it is not murder in California." Therefore, "the least adjudicated elements of a second-degree murder in Florida will not constitute a prior conviction that would disqualify" defendant for relief under Proposition 36 or 47. However, we employ a least adjudicated elements analysis only when the record of the prior conviction does not contain sufficient information to determine whether the conviction would constitute a strike under California law. (*Zangari*, *supra*, 89 Cal.App.4th at p. 1440.)

Here, the record of defendant's prior convictions reveals he was aware of the probability his actions could cause death, rendering his second degree Florida murder

convictions implied malice murder in California.  The record before the trial court supported a finding that two of defendant's Florida convictions would constitute murder under California law, rendering him ineligible for relief under Proposition 36.

Similarly, the trial court did not err in denying defendant relief under Proposition 47.  To have his conviction for violating section 476a reclassified to a misdemeanor, the total amount of the bad checks he was convicted of uttering cannot exceed $950.  (§§ 476a, subd. (b); 1170.18, subd. (a).)  Defendant conceded in his reply brief that his check offense would still be deemed a felony, thus rendering him ineligible for Proposition 47 relief.  However, at oral argument defendant's counsel withdrew the concession in light of the jury's finding that the amount of the bad checks exceeded $200, thus creating the possibility that the total amount of the bad checks uttered, though in excess of $200, was $950 or less.  However, the trial court expressly found the bad checks totaled nearly $2,300.  If convicted of the crime today, it would still be a felony. (*People v. Hoffman* (2015) 241 Cal.App.4th 1304.)  Defendant concedes the point.

**DISPOSITION**

The judgment is affirmed.


        RAYE        , P. J.


We concur:


      BLEASE     , J.


      NICHOLSON   , J.